J. Andrew Coombs
CA SBN 123881 (*Pro Hac Vice forthcoming*)
Annie S. Wang
Nevada Bar No. 10792/CA SBN 243027
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201
*andy@coombspc.com*
*annie@coombspc.com*

James D. Boyle
Nevada Bar No. 08384
Hannah S. Goodwin
Nevada Bar No. 13878
Holley Driggs Walch Fine Wray Puzey & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    (702) 791-0308
Facsimile:    (702) 791-1912
*jboyle@nevadafirm.com*
*hgoodwin@nevadafirm.com*

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

F. Christopher Austin (Nevada Bar No. 6559)
*caustin@weidemiller.com*
Ryan Gile (Nevada Bar No. 8807)
*rgile@weidemiller.com*
Weide & Miller, Ltd.
7251 West Lake Mead Blvd., 5th Floor, Suite 530
Las Vegas, Nevada 89128
Telephone:    (702) 382-4804
Facsimile:    (702) 382-4805

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>InkSystem LLC, et al.,<br><br>Defendants. | Case No. 3:16-cv-00524-RCJ-VPC<br><br>JOINT STIPULATION RE DATES AND PRELIMINARY INJUNCTION; [PROPOSED] ORDER |

Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") and Defendants InkSystem LLC, AF LLC, ART LLC, Lucky Print LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, and Artem Koshkalda (collectively "Defendants"), by and through their respective counsel of record, agree and stipulate as follows:

WHEREAS Plaintiffs filed a Complaint in this action on or about September 8, 2016, charging Defendants with trademark counterfeiting, trademark infringement, unfair competition and related claims;

WHEREAS pursuant to this Court's Order for Seizure, Docket No. 12, Plaintiffs served some of the Defendants with the Summons, Complaint and other documents on September 17, 2016, and also seized numerous of Defendants' business records which Plaintiffs are currently reviewing;

WHEREAS following the Court's Order for Seizure the Court also granted Plaintiffs' Motion for a Preliminary Injunction on September 21, 2016, ordered that the Parties confer as to the language, and ordered Plaintiffs to prepare a Proposed Order;

WHEREAS Defendants objected to the provision in the Proposed Preliminary Injunction lodged by Plaintiffs on September 27, 2016, Docket No. 22-2, for additional time to complete the seizure;

WHEREAS the Parties agree that should the Court be inclined to review Plaintiffs' request for additional time to complete the seizure separately, the Parties are otherwise in agreement as to all other language of the Proposed Preliminary Injunction, a revised copy of which is attached as Exhibit A;

WHEREAS should the Court in the interests of time enter the Parties' revised Proposed Preliminary Injunction, the only remaining issue in Plaintiffs' pending Motion for Entry of Proposed Preliminary Injunction, Docket No. 22, is Plaintiffs' request for additional time to complete the initial seizure which may be consolidated into Plaintiffs' pending *Emergency Motion* for Additional Time to Complete Seizure for the same relief, Docket No. 21;

WHEREAS all of the Defendants have been served and are represented by the same counsel who just completed a week long jury trial;

WHEREAS the deadline to Answer or otherwise respond to the Complaint for the Defendants first served on September 17, 2016, was October 8, 2016; and

WHEREAS a brief continuance will allow Defendants' counsel time to meet with Defendants and prepare an Answer or response to the Complaint and will also permit Plaintiffs additional time for their preliminary review of Defendants' paper documents in preparation of an amendment to the Complaint.

NOW, THEREFORE, Plaintiffs and Defendants stipulate and agree that:

1.      Defendants shall have through and until November 18, 2016, to file their response or Answer to Plaintiffs' Complaint.

2.      Plaintiffs shall have through and until November 18, 2016, to file their First Amended Complaint.

3.      The Proposed Preliminary Injunction attached hereto as Exhibit A may be entered by the Court at its earliest convenience.

4.      Upon entry of the Preliminary Injunction, the only remaining issue outstanding in Plaintiffs' pending Motion for Entry of Proposed Preliminary Injunction, Docket No. 22, is Plaintiffs' request for additional time to complete the initial seizure.

IT IS SO STIPULATED:

DATED this 14th of October, 2016.

**J. ANDREW COOMBS,**
**A PROFESSIONAL CORPORATION**

**WEIDE & MILLER, LTD.**

  /s/ Annie S. Wang
J. Andrew Coombs
Annie S. Wang (NBN 10792)
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206

HOLLEY DRIGGS WALCH FINE
WRAY PUZEY & THOMPSON
James D. Boyle (NBN 08384)
Hannah S. Goodwin (NBN 13878)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiffs Seiko Epson*
*Corporation and Epson America, Inc .*

   /s/ F. Christopher Austin
F. Christopher Austin (NBN 6559)
Ryan Gile (NBN 8807)
Weide & Miller, Ltd.
7251 West Lake Mead Blvd., 5th Floor,
Suite 530
Las Vegas, Nevada 89128

*Attorneys for Defendants*

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated:   6th day of December, 2016.

## <u>PROOF OF SERVICE</u>

   I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause.  I am employed by a member of the Bar of the United States District Court of California and admitted *Pro Hac Vice* in this matter in the District of Nevada.  My business address is 520 East Wilson Avenue, Suite 200, Glendale, California 91206.

   On October 14, 2016, I served on the interested parties in this action with:

- JOINT STIPULATION RE DATES AND PRELIMINARY INJUNCTION; [PROPOSED] ORDER

- [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION

in support for the following civil action:

<u>Seiko Epson Corporation, et al. v. InkSystem LLC, et al.</u>

 X   via the United States District Court CM/ECF system;

___ by email to: *caustin@weidemiller.com*; and

___ by placing a true copy thereof in an envelope to be immediately sealed thereafter.  I am readily familiar with the office's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> F. Christopher Austin
> Weide & Miller, Ltd.
> 7251 West Lake Mead Blvd.
> 5th Floor, Suite 530
> Las Vegas NV 89128

Place of Mailing: Glendale, California
Executed on October 14, 2016, at Glendale, California

_____
Katrina Bartolome

J. Andrew Coombs
CA SBN 123881 (Admitted *Pro Hac Vice*)
Annie S. Wang
Nevada Bar No. 10792/CA SBN 243027
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone:      (818) 500-3200
Facsimile:      (818) 500-3201
*andy@coombspc.com*
*annie@coombspc.com*

James D. Boyle
Nevada Bar No. 08384
Hannah S. Goodwin
Nevada Bar No. 13878
Holley Driggs Walch Fine Wray Puzey & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:      (702) 791-0308
Facsimile:      (702) 791-1912
*jboyle@nevadafirm.com*
*hgoodwin@nevadafirm.com*

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> InkSystem LLC, et al., <br><br> Defendants. | Case No. 3:16-cv-00524-RCJ-VPC <br><br> [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION |

Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") having filed their Motion for Preliminary Injunction ("Motion") and against Defendants InkSystem LLC, AF LLC, ART LLC, Lucky Print LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, and Artem Koshkalda (collectively "Defendants"), and following the hearing on Plaintiffs' Motion on September 21, 2016, the Court hereby GRANTS Plaintiffs' Motion and makes the following findings:

1.      Plaintiffs are likely to succeed in showing that Defendants are using Plaintiffs' trademarks or marks confusingly similar to Plaintiffs' trademarks, including those attached hereto as Exhibit A ("Plaintiffs' Trademarks") in connection with the importation, manufacture, distribution, sale and offer for sale of counterfeit and/or infringing ink cartridges bearing unauthorized reproductions or substantially similar copies of registered trademarks owned by Plaintiffs ("Unauthorized Products").

2.      The sale of such Unauthorized Products will result in immediate and irreparable injury to Plaintiffs, if this relief is not ordered.

3.      The Court has jurisdiction over the subject matter of this action and over Plaintiffs and Defendants.

THEREFORE, IT IS HEREBY ORDERED THAT Defendants, their officers, agents, servants and any persons, firms or corporations acting in concert or in participation with them, or having knowledge of this Order by personal service or otherwise, are enjoined and restrained from:

a.      Directly or indirectly infringing Plaintiffs' Trademarks in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any Unauthorized Products, and, specifically:

i.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Trademarks;

ii.      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to Plaintiffs' Trademarks;

iii.    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with, are sponsored, approved or licensed by Plaintiffs, or are in some way affiliated with Plaintiffs;

iv.    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

b.   Destroying or otherwise disposing of:

i.    Merchandise falsely bearing Plaintiffs' Trademarks;

ii.    Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Trademarks;

iii.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of Plaintiffs' Trademarks;

iv.    Any molds, screens, patterns, plates, negatives or other elements, specifically including components and grey market infringing cartridges used for making or manufacturing products bearing Plaintiffs' Trademarks;

v.    Any sales and supply of customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase,

advertising, sale or offering for sale of the Unauthorized Products or component pieces, whether in electronic or paper form; and

Defendants their officers, agents, servants and any persons, firms or corporations acting in concert or in participation with them, or having knowledge of this Order by personal service or otherwise, will impound during the pendency of this action:

a.    All unauthorized products bearing Plaintiffs' Trademarks, or likenesses thereof;

b.    Any other unauthorized products which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Trademarks or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Trademarks;

c.    Any labels, packages, wrappers, containers and any other unauthorized promotional or advertising material which reproduce, copy, counterfeit, imitate or bear any of Plaintiffs' Trademarks or which picture, reproduce, copy or use the likeness of or bear a substantial similarity to Plaintiffs' Trademarks;

d.    Any molds, screens, patterns, plates, negatives, equipment, machinery or equipment used for making or manufacturing the Unauthorized Products or unauthorized items which bear Plaintiffs' Trademarks or which bear a substantial similarity to any of Plaintiffs' Trademarks, specifically including the vacuum sealing and repackaging equipment and any OEM or grey market cartridges used to produce the Unauthorized Products or component pieces; and

e.    Any sales and supply of customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of the Unauthorized Products or component pieces.

4.    The seizure of unauthorized goods, machinery and/or other items is confirmed and all seized items will remain and continue to be impounded in Plaintiffs'

counsel's custody pending a final disposition of this action without the need to post any additional bond.

5.      This Preliminary Injunction does not extend to any lawful sales of remanufactured products, which are made with used Epson ink cartridges first sold by Epson to consumers in the United States, that are re-filled and sold with a non-Epson brand name or as "generic" cartridges without prominent or deceptive use of Epson's trademarks.  The Parties do not waive and expressly reserve their respective rights and defenses under the patent laws including pursuant to any future changes in the law.

6.      This Preliminary Injunction also does not extend to the lawful resale of genuine Epson branded cartridges that have not been altered and are not materially different from Epson branded cartridges sold for resale in the United States in the condition they were first sold in the United States by Epson.

7.      Any resales of Epson trademarked products by Defendants must not be opened or otherwise infringing or unlawful.

8.      The findings herein are made without prejudice as to future findings of the Court by application of any party.

9.      This Preliminary Injunction is issued without the posting by Plaintiffs of any additional bond and is effective as of September 21, 2016.

10.      None of the foregoing constitutes an admission by Plaintiffs, or either of them, that Defendants are Authorized Epson Resellers.

11.      Upon entry hereof, the Temporary Restraining Order herein, dated September 13, 2016, is vacated.

12.      This Order shall be deemed to have been served upon Defendants at the time of the signing thereof by the Court.

/ / /

/ / /

13.     This matter will remain open and pending before the Court to resolve any remaining issues.

IT IS SO ORDERED.


_____
UNITED STATES DISTRICT JUDGE

Dated:  _____

**SEC'S TRADEMARKS**

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
| EPSON EXCEED YOUR VISION | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
| Better Products for a Better Future | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |

## PROOF OF SERVICE

  I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause.  I am employed by a member of the Bar of the United States District Court of California and admitted *Pro Hac Vice* in this matter in the District of Nevada.  My business address is 520 East Wilson Avenue, Suite 200, Glendale, California 91206.

  On October 14, 2016, I served on the interested parties in this action with:

- JOINT STIPULATION RE DATES AND PRELIMINARY INJUNCTION; [PROPOSED] ORDER

- [PROPOSED] ORDER FOR PRELIMINARY INJUNCTION

in support for the following civil action:

<u>Seiko Epson Corporation, et al. v. InkSystem LLC, et al.</u>

 X   via the United States District Court CM/ECF system;

___  by email to: *caustin@weidemiller.com*; and

___  by placing a true copy thereof in an envelope to be immediately sealed thereafter.  I am readily familiar with the office's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business.  I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

> F. Christopher Austin
> Weide & Miller, Ltd.
> 7251 West Lake Mead Blvd.
> 5th Floor, Suite 530
> Las Vegas NV 89128

Place of Mailing: Glendale, California
Executed on October 14, 2016, at Glendale, California

Katrina Bartolome