UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SEIKO EPSON CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INKSYSTEM LLC, et al.,<br><br>Defendants. | Case No. 3:16-cv-0524-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiffs' Seiko Epson Corporation and Epson America, Inc., ("plaintiffs") renewed motion to compel and for terminating sanctions (ECF No. 91), regarding defendants ART LLC, AF LLC, Inkredible LLC LLC, Andriy Kravchuk, Artem Koshkalda, Igor Bielov, and Vitalii Maliuk (collectively, "defendants")[1]. Defendants opposed (ECF No. 94) and plaintiffs replied (ECF No. 98). The court has thoroughly reviewed the record and recommends that plaintiffs' motion be granted.

## I.   PROCEDURAL HISTORY

On May 26, 2017, plaintiffs filed an emergency motion to compel and for sanctions. (ECF No. 80.) Plaintiffs motion was based on "defendants' continued and unexcused discovery failures," such as ignoring court orders, failing to appear in court, missing discovery deadlines, failing to provide even basic discovery, and generally abusing the discovery process. (*Id.* at 1-5.) On June 8, 2017, this court held a hearing on the emergency motion for sanctions. (ECF No. 84.) The motion was granted in part and denied in part, and defendants were ordered to provide various

---

[1] Defendants Inksystem LLC and Lucky Print LLC are not subject of this motion.

discovery responses and pay $5,554.79 in attorney's fees and costs to plaintiffs. (ECF No. 84.)

On June 16, 2017 plaintiff filed another motion to compel and for sanctions (ECF No. 85). Plaintiffs' motion related to depositions of defendant Kravchuk and defendants' continued, willful noncompliance with court orders and discovery obligations. (ECF No. 85.) Plaintiffs argued that defendants are "willfully withholding relevant evidence which clearly prejudices plaintiffs and supports the relief requested," and defendants are "simply abusing the discovery process to delay a final adjudication." (*Id.* at 6.) This court granted the motion and ordered that: 1) defendants pay $16,146.50 to plaintiffs; 2) defendants be precluded from seeking any offset as to damages using documents or information not disclosed or produced; 3) a factual finding of willfulness is entered against defendants as to plaintiffs' trademark claims; 4) Andrey Ushakov is to be produced for deposition in the United States on shortened notice; and 5) if defendants fail to comply with the court's order, the court will issue a report and recommendation that all of defendants' answers be stricken and their defaults entered. (ECF No. 88.) On June 28, 2017, plaintiffs filed a renewed motion to compel and for terminating sanctions due to defendants' continued failure to comply with this court's prior orders. (ECF No. 91.)

Plaintiffs have accurately recounted the history of defendants' litigation tactics (*See* ECF Nos. 80, 85, 91). Defendants have repeatedly disobeyed court orders, applicable rules, and plaintiffs' properly propounded discovery requests. Defendants continue to withhold evidence directly related to the issues of this case and have repeatedly shown their intention to continue to violate court orders and ignore discovery obligations. Plaintiffs now seek case-terminating sanctions against defendants for their continued bad faith in the face of court orders, admonitions, and sanctions.

## II. DISCUSSION AND ANALYSIS

Plaintiffs seek case terminating sanctions based upon two alternative grounds: (1) Fed.R.Civ.P. 37(b)(2)(A)(iii)-(vi) and Local Rule IA 11-8; and (2) the court's inherent power to enter a default judgment to ensure the orderly administration of justice and the integrity of its orders. Having heard oral argument and having reviewed all documents in the record, the court

finds such terminating sanctions appropriate.

**A.      Fed.R.Civ.P. 37(b) and Local Rule IA 11-8**

Fed.R.Civ.P. 37(b) and Local Rule IA 11-8 provides for sanctions where a party fails to comply with a court order. FRCP 37(b)(2)(A)(iii)-(vi) states that if a party disobeys a discovery order the court may issue an order striking pleadings, staying proceedings, dismissing the action, or rendering a default judgment against the disobedient party. LR IA 11-8(d) states that the court may impose any and all appropriate sanctions on a party who fails to comply with any order of this court.

Plaintiffs argue that due to defendants' willful violation of numerous court orders, such as their failure to appear in person for hearings and failure to produce complete discovery responses and requests, the Federal and Local Rules allow the Court to enter terminating sanctions. (ECF No. 91 at 7.) The court agrees that terminating sanctions are appropriate at this time. Defendants were specifically admonished in this court's June 19, 2017 order, that if they again failed to comply, this court would issue a report and recommendation that all of defendants' answers be stricken and their defaults entered. (*See* ECF No. 88.) Due to defendants' repeated disobedience and failure to comply with this court's orders, it is appropriate to strike defendants' answers and enter default judgments against them.

**B.      The Court's Inherent Power to Sanction**

Further, pursuant to the court's inherent power to sanction, dismissal is an available sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Systems Corp.,* 464 F.3d 951, 968 (9th Cir. 2006), citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995). The district court is required to consider the following factors before imposing the "harsh sanction" of dismissal: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the other party; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012) (quotation omitted).

   **1.     The public's interest in the expeditious resolution of litigation**

"Orderly and expeditious resolution of disputes is of great importance to the rule of law ... [and b]y the same token, delay in reaching the merits ... is costly in money, memory, manageability, and confidence in the process." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1227 (9th Cir. 2006). Here, defendants' behavior and continued failure to comply with several court orders have greatly delayed this matter and their behavior is inconsistent with the purpose of the Federal Rules of Civil Procedure to provide a "just, speedy, and inexpensive determination" of this action. Fed.R.Civ.P. 1. This factor favors dismissal.

   **2.     The court's need to manage its docket**

"Where a court order is violated, the first and second factors will favor sanctions and the fourth will cut against them." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) citing *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997). The court agrees with plaintiffs' recitation of the myriad case management problems the court has experienced in this proceeding, most importantly here are defendants' numerous failures to obey court orders, including failure to appear for court hearings. This factor favors dismissal.

   **3.     The risk of prejudice to the opposing party**

Here, plaintiffs argue that defendants are not prejudiced as they have been given numerous opportunities to comply with this court's orders and continually fail to do so. Defendants actions have substantially and unreasonably delayed this case, such that if this case continues on the way it has, plaintiffs will be prejudiced and continue to incur substantial costs. Any prejudice to defendants is far outweighed by prejudice to plaintiffs. This factor favors dismissal.

   **4.     The public policy favoring disposition of cases on their merits**

"Public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Allen*, 460 F.3d at 1128. While plaintiffs acknowledge this, they also argue that the impact of this factor should be lessened because "this case began with an *ex parte* seizure order

where the District Court already found that plaintiffs were likely to succeed on the merits." (ECF No. 91 at 10.) Further, a preliminary injunction, and thus a finding of likelihood of success on the merits, has already issued in this case. (ECF No. 33.) This factor favors dismissal.

**5.    The availability of less drastic sanctions**

When considering this factor, the court must compare the impact of dismissing the case to the adequacy of a less drastic sanction. *Malone v. U.S. Postal Service*, 833 F.2d 128, 131-32 (9th Cir. 1987). The Ninth Circuit has outlined three factors to help facilitate this analysis, which are whether the court: "(1) explicitly discussed the alternative of lesser sanctions and explained why it would be inappropriate; (2) implemented lesser sanctions before ordering the case dismissed; and (3) warned the offending party of the possibility of dismissal." *Computer Task Group*, 364 F.3d at 1116 citing *Anheuser-Busch*, 69 F.3d at 352.

The court has imposed increasingly more serious sanctions against defendants over the course of this proceeding, and defendants have continued to engage in improper conduct. Given defendants failure to comply with past orders, the court has no reason to believe it will comply with future orders. Defendants were warned that their failure to comply with this court's orders would result in a recommendation to the District Court that sanctions be entered against them. This factor favors dismissal.

Given that all of the factors weigh in favor of terminating sanctions, the court finds that defendants' answers should be stricken as a sanction for their failure to comply with this court's orders.

**III.    CONCLUSION**

The court concludes that the severe sanction of dismissal is warranted in this case, as outlined herein.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiffs' motion for case terminating sanctions (ECF No. 91) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that defendants ART LLC, AF LLC, INKREDIBLE LLC LLC, Andriy Kravchuk, Artem Koshkalda, Igor Bielov, and Vitalii Maliuk's answers (ECF Nos. 41, 49) be **STRICKEN** and their defaults entered.

**DATED**: August 3, 2017.

_____
UNITED STATES MAGISTRATE JUDGE