J. Andrew Coombs
CA SBN 123881 (admitted via *pro hac vice*)
Annie S. Wang
NBN 10792/CA SBN 243027
J. Andrew Coombs, A Prof. Corp.
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone:  (818) 500-3200
Facsimile:  (818) 500-3201
*andy@coombspc.com*
*annie@coombspc.com*

James D. Boyle
SBN 8384
Holley, Driggs, Walch, Fine, Wray, Puzey & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  (702) 791-0308
Facsimile:  (702) 791-1912
*jboyle@nevadafirm.com*

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

FILED / ENTERED / RECEIVED / SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 2 2 2017
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Seiko Epson Corporation and Epson America, Inc., | ) Case No. 3:16-cv-00524-RCJ-VPC |
|---|---|
| Plaintiffs, | ) ORDER FOR ASSET SEIZURE AND IMPOUNDMENT |
| v. | ) |
| InkSystem LLC, et al., | ) |
| Defendants. | ) |

The Court having granted Plaintiffs Seiko Epson Corporation and Epson America, Inc.'s (collectively "Plaintiffs") *ex parte* application for a temporary restraining order, order for asset seizure and impoundment and order to show cause re issuance of a pre-judgment asset seizure pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*), and Federal Rules of Civil Procedure, Rule 65 ("Motion") against Defendants AF LLC, ART LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, Artem Koshkalda and Vitalii

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order          - 1 -

Maliuk (collectively "Defendants")[1], on July 31, 2017, Docket Nos. 105-106, and served on the Defendants on August 1, 2017, Docket No. 114, and no Opposition having been filed, following the hearing on the Order to Show Cause as to why the Preliminary Injunction should not issue on August 7, 2017, at which none of the Defendants appeared, Docket No. 132, the Court hereby GRANTS Plaintiffs' request and makes the following findings:

1. Plaintiffs have made a strong showing of success on the merits in showing that Defendants are using Plaintiffs' trademarks or marks confusingly similar to Plaintiffs' trademarks, including those attached hereto as Exhibit A ("Plaintiffs' Trademarks") in connection with the importation, manufacture, distribution, sale and offer for sale of counterfeit and/or infringing ink cartridges bearing unauthorized reproductions or substantially similar copies of registered trademarks owned by Plaintiffs ("Unauthorized Products").

2. Defendants' discovery defaults further strengthen the conclusion of Plaintiffs' likelihood of success on the merits.

3. Plaintiffs have shown that proceeds from Defendants' infringement were deposited into a large number of bank accounts and also used to purchase valuable real estate, among other things.

4. Plaintiffs have shown that Defendants have and are likely to further liquidate or dissipate assets, that they have a history of transferring money to family members and using shell companies to hide assets or the source of money, and that they are a flight risk such that Plaintiffs will be unable to obtain an equitable accounting or recover Defendants' profits if the relief is not granted.

---

[1] Defendants Inksystem LLC and Lucky Print LLC filed for Chapter 11 bankruptcy protection on June 23, 2017. Docket No. 90. Plaintiffs therefore do not seek any relief against Defendants Inksystem LLC and Lucky Print LLC ("Debtors") in light of the automatic stay of 11 U.S.C. § 362 absent relief from the stay or dismissal of the bankruptcy.

-2-

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

5. The Defendants' dissipation, secreting, and hiding of assets will result in immediate and irreparable injury to Plaintiffs if this relief is not ordered.

6. The harm to Plaintiffs of denying the requested injunction outweighs the harm to the legitimate interest of Defendants from granting such order.

7. The public interest is served by entry of the present order to prevent Defendants from profiting from their infringement.

8. The Court has jurisdiction over the subject matter of this action and over Plaintiffs and Defendants.

9. THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants, any person acting in concert with them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, or any third-party service provider who is served with a copy of this Order, other than Inksystem LLC and Lucky Print LLC, or has knowledge of this Order by personal service or otherwise, are enjoined and restrained from:

    a. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, or other assets, wherever located, including outside the United States, including but in no way limited to those accounts and assets identified in Exhibit B, and for clarity, expressly excluding those of Inksystem LLC and Lucky Print LLC, that are:

        i. owned or controlled by, or in the actual or constructive possession of any Defendant;

        ii. owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

        iii. owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or

other entity directly or indirectly owned, managed, or controlled by any of the Defendants (including but not limited to Sancase LLC, Vilacet LLC, and Renoca LLC), including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

b. Opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC;

c. Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC;

d. Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC; or

e. Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC.

10. IT IS FURTHER ORDERED that Defendants may pay living, business, and reasonable legal expenses up to $3,000 total per Defendant, per month, without leave of Court, but must seek prior approval from the Court or its special master regarding any transactions or other transfers over $3,000 per month.

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

11. IT IS FURTHER ORDERED that Defendants may pay any monetary Court ordered sanction without leave of Court.

12. IT IS FURTHER ORDERED that the assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order expressly excluding those of Inksystem LLC and Lucky Print LLC.

13. IT IS FURTHER ORDERED that Defendants' third-party service providers or others acting in concert with them, or any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of Defendants, or that has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order, expressly excluding those of Inksystem LLC and Lucky Print LLC, shall:

    a. Hold and retain within its control and prohibit the withdrawal, removal, assignment transfer, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further Order of this Court, other than an allowance for living and business expenses not to exceed $3,000 in any one month per Defendant, and the payment of any monetary Court ordered sanctions;

    b. Provide Plaintiffs' counsel within five (5) business days of service of a copy of this Order, a sworn statement setting forth:

        i. The identification number of each account or asset titled in the name, individually, or jointly, of any of the Defendants, or held on behalf of, or for the benefit of, any of the Defendants, other than accounts for Inksystem LLC and Lucky Print LLC;

        ii. The balance of such account on the date on which this Order is served, whether the account was closed or removed, the date of any such closure or removal, the total funds removed in order to

- 5 -

1  close the account and the name of the person or entity to whom
2  such account or other asset was remitted.
3      14.    IT IS FURTHER ORDERED that during the pendency of this action all
4  bank accounts owned by Defendants or any of their corporate entities, other than
5  Inksystem LLC and Lucky Print LLC, to which at least one of the Defendants own some
6  interest, including but in no way limited to those accounts identified in Exhibit B,
7  expressly excluding those of Inksystem LLC and Lucky Print LLC, subject to a $3,000
8  per month, per Defendant allowance for living and/or business expenses per Defendant
9  and payment of any Court ordered monetary sanctions, are hereby impounded.
10      15.    IT IS FURTHER ORDERED that Defendants' third-party service
11  providers or others acting in concert with them, or any financial or brokerage institution,
12  business entity, or person served with a copy of this Order that holds, controls, or
13  maintains custody of any account or asset of Defendants, expressly excluding those of
14  Inksystem LLC and Lucky Print LLC, or that has held, controlled, or maintained custody
15  of any such account or asset at any time since the date of entry of this Order shall comply
16  with paragraphs 9-14 herein.
17      16.    IT IS FURTHER ORDERED that the Court may appoint a special master
18  to which Defendants and any of their corporate entities to which at least one of the
19  Defendants own some interest, expressly excluding those of Inksystem LLC and Lucky
20  Print LLC, must report and request authorization to transfer any assets totaling over
21  $3,000 per month per Defendant.
22      17.    IT IS FURTHER ORDERED that this Preliminary Injunction is issued
23  without the posting of any additional bond. The bond or surety in the form of a check or
24  cash in the amount of $100,000, Docket No. 11, currently on file in this case will also be
25  used to secure the payment of any costs or damages, not to exceed twice the sum as may
26  be suffered or sustained by any party who is wrongfully restrained thereby.
27
28

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

18. IT IS FURTHER ORDERED that this Order may be recorded, filed and/or lodged with any local, state or other authority including but not limited to the County Recorder's Office where any real property at issue is located.

19. IT IS FURTHER ORDERED that the Court may change this Order at any time upon application.

20. This Order shall be deemed to have been served upon Defendants at the time of the signing thereof by the Court.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Dated: August 22, 2017

-7-

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

Case 3:16-cv-00524-RCJ-VPC   Document 159   Filed 08/22/17   Page 8 of 14
Case 3:16-cv-00524-RCJ-VPC   Document 144   Filed 08/14/17   Page 10 of 16

# EXHIBIT A

## SEC'S TRADEMARKS

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
| EPSON EXCEED YOUR VISION | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
| Better Products for a Better Future | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |

- 7 -

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

## EXHIBIT B

### Bank Accounts

| | Financial Institution | Account | Routing Number (If Available) | Account Name/Holder |
|---|---|---|---|---|
| 1 | Bank of America, N.A. | ▇9731 | | AF LLC |
| 2 | Bank of America, N.A. | ▇1744 | | ARTEM KOSHKALDA |
| 3 | Bank of America, N.A. | ▇0057 | | ARTEM KOSHKALDA |
| 4 | Bank of America, N.A. | ▇0633 | 121000358 | ARTEM KOSHKALDA |
| 5 | Bank of America, N.A. | ▇1234 | | ARTEM KOSHKALDA |
| 6 | Bank of America, N.A. | ▇0623 | 121000358 | ART LLC |
| 7 | Bank of America, N.A. | ▇1033 | 121000358 | ART LLC |
| 8 | Bank of America, N.A. | ▇6624 | 121000358 | ART LLC |
| 9 | Bank of America, N.A. | ▇7115 | 121000358 | ART LLC |
| 10 | Bank of America, N.A. | ▇7255 | | ARTEM KOSHKALDA |
| 11 | Bank of America, N.A. | ▇2797 | | ARTEM KOSHKALDA DBA BEST DEAL CARTRIDGE |
| 12 | Bank of America, N.A. | ▇3491 | 122400724 | ART LLC |
| 13 | Bank of America, N.A. | ▇6702 | 122400724 | Inkredible LLC |
| 14 | Bank of America, N.A. | ▇6715 | 122400724 | Inkredible LLC |
| 15 | Bank of America, N.A. | ▇9178 | 122400724 | AF LLC |
| 16 | Bank of America, N.A. | ▇9275 | 122400724 | AF LLC |
| 17 | Bank of America, N.A. | ▇9753 | 122400724 | AF LLC |
| 18 | Bank of America, N.A. | ▇9766 | | AF LLC |

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

| # | Bank | Account | Routing | Name |
|---|---|---|---|---|
| 19 | Bank of America, N.A. | ■2263 | 122400724 | Inkredible LLC/Inkredible LLC LLC |
| 20 | Bank of America, N.A. | ■0310 | 122400724 | Inkredible LLC |
| 21 | Bank of America, N.A. | ■0394 | 122400724 | Inkredible LLC |
| 22 | Bank of America, N.A. | ■7593 | | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE |
| 23 | Bank of America, N.A. | ■7611 | | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE (INK SYSTEM) |
| 24 | Bank of America, N.A. | ■7654 | | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE (SAVE MONEY CARTRIDGE) |
| 25 | Bank of America, N.A. | ■7689 | | ARTEM KOSHKALDA, SOLE PROP DBA APTPIZZADEALS |
| 26 | Citibank Fsb | ■8374 | 321171184 | Art LLC |
| 27 | Citibank Fsb | ■8390 | 321171184 | Art LLC |
| 28 | Citibank Fsb | ■8382 | 321171184 | Art LLC |
| 29 | Citibank Fsb | ■6310 | 321171184 | AF LLC |
| 30 | Citibank Fsb | ■6294 | 321171184 | AF LLC |
| 31 | Citibank Fsb | ■6302 | 321171184 | AF LLC |
| 32 | JP Morgan Chase Bank, N.A. | ■7586 | 322271627 | Art LLC |
| 33 | JP Morgan Chase Bank, N.A. | ■8931 | 322271627 | Art LLC |
| 34 | JP Morgan Chase Bank, N.A. | ■9772 | 322271627 | Art LLC |
| 35 | U.S. Bank, N.A. | ■5442 | 121201694 | Inkredible LLC LLC |
| 36 | U.S. Bank, N.A. | ■5459 | 121201694 | Inkredible LLC LLC |
| 37 | U.S. Bank, N.A. | ■5467 | 121201694 | Inkredible LLC LLC |
| 38 | U.S. Bank, N.A. | ■2778 | 121201694 | Igor Bielov dba AF LLC |
| 39 | U.S. Bank, N.A. | ■2869 | 121201694 | Igor Bielov dba AF LLC |
| 40 | U.S. Bank, N.A. | ■2992 | 121201694 | Igor Bielov dba AF LLC |
| 41 | Umpqua Bank | ■2440 | 123205054 | Inkredible LLC LLC |
| 42 | Umpqua Bank | ■2549 | 123205054 | AF LLC |

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

| 43 | Umpqua Bank | | 6949 | 123205054 | AF LLC |
|---|---|---|---|---|---|
| 44 | Umpqua Bank | | 8355 | 123205054 | AF LLC |
| 45 | Umpqua Bank | | 6235 | 123205054 | Inkredible LLC LLC |
| 46 | Umpqua Bank | | 1660 | 123205054 | Inkredible LLC LLC |
| 47 | Wells Fargo Bank, N.A. | | 5138 | 121042882 | 3Day Shipping |
| 48 | Wells Fargo Bank, N.A. | | 0961 | 121042882 | Artem Koshkalda dba Bestdealcartridge |
| 49 | Wells Fargo Bank, N.A. | | 6987 | 321270742 | Artem Koshkalda dba Featured |
| 50 | Wells Fargo Bank, N.A. | | 0399 | 321270742 | Artem Koshkalda |
| 51 | Wells Fargo Bank, N.A. | | 4125 | 121042882 | Artem Koshkalda dba PRICEMATTERS |
| 52 | Wells Fargo Bank, N.A. | | 4158 | 121042882 | Artem Koshkalda dba ART |
| 53 | Wells Fargo Bank, N.A. | | 2972 | 121042882 | Artem Koshkalda dba Featured |
| 54 | Wells Fargo Bank, N.A. | | 3057 | 321270742 | Artem Koshkalda dba ART |
| 55 | ZB, Na DBA Nevada State Bank | | 9985 | 122400779 | AF LLC Igor Bielov |
| 56 | ZB, Na DBA Nevada State Bank | | 9993 | 122400779 | AF LLC Igor Bielov |
| 57 | ZB, Na DBA Nevada State Bank | | 0009 | 122400779 | AF LLC Igor Bielov |

**Account Holder Identification Information**

| | |
|---|---|
| Andriy Kravchuk | SSN: ▇-6214 |
| Artem Koshkalda | SSN: ▇-2658 |
| Vitalii Maliuk | SSN: ▇-7238 |
| Igor Bielov | SSN: ▇-8445 |
| ART LLC | EIN: ▇4186 |
| AF LLC | EIN: ▇7418 |
| Inkredible LLC LLC | EIN: ▇3469 |
| Renoca LLC | CA Sec. of State File Number: 201634110191 |
| Sancase LLC | CA Sec. of State File Number: 201634210211 |
| Vilacet LLC | CA Sec. of State File Number: 201634310118 |

- 10 -

| Owner/ Related Defendant | Address | APN | Recording Date | Document No. | Status |
|---|---|---|---|---|---|
| Artem Koshkalda | 38868 Thimbleberry Place Newark, CA 94560 | 92A260018 | 10/3/16 | 2016253277 | |
| Artem Koshkalda | 1012 Giacomo Ln. San Jose, CA 95131 | 24146001 | 12/30/16 | 23546827/ 23546826 | Transferred to Renoca LLC |
| Artem Koshkalda | 401 Harrison St., #4A San Francisco, CA 94105 | 3765414 | 1/23/17 | K399066-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 401 Harrison St., #4D San Francisco, CA 94105 | 3765417 | 1/19/17 | K396635-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 253 Friedell St. San Francisco, CA 94124 | 4591C-462 | 1/19/17 | K396638-00 | Transferred to Renoca LLC |
| Artem Koshkalda | 388 Fulton St., #207 San Francisco, CA 94102 | 0785072 | 1/19/17 | K396636-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 11 Franklin St., San Francisco, CA 94102 *(Unit #s Unknown)* | 0837003 | 9/23/16 | K333115-00 | |
| Artem Koshkalda | 11 Franklin St., # 502 San Francisco, CA 94102 | 0837117 | 11/1/16 | K352816-00 | |
| Artem Koshkalda | 338 Portrero Ave., #402 San Francisco, CA 94103 | 3962032 | 12/20/16 | K377429-00 | |

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of Nevada. My business address is 520 East Wilson Avenue, Suite 200, Glendale, California 91206.

On August 14, 2017, I served on the interested parties in this action with:

NOTICE OF LODGING RE AMENDED [PROPOSED] ORDER FOR ASSET SEIZURE AND IMPOUNDMENT

in support for the following civil action:

<u>Seiko Epson Corporation, et al. v. InkSystem LLC, et al.</u>

 X   by placing a true copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Artem Koshkalda<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502 | Art LLC<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502 |
| Vitalii Maliuk<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 | Inkredible LLC LLC<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 |
| Andriy Kravchuk<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 | Igor V. Bielov<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 |
| AF LLC<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 | KBF LLC<br>[redacted]<br>Campbell, CA 95008 |
| Vladimir Slobodianiuk a/k/a Volodymyr Slobodianiuk a/k/a Vladimir Westbrook<br>[redacted]<br>Campbell, CA 95008 | KBF LLC<br>c/o Volodymyr Slobodianiuk<br>2787 Moorpark Ave.<br>San Jose, CA 95128 |
| Karine Vardanian a/k/a Karine Christ a/k/a Karine Crist a/k/a Karine Westbrook<br>[redacted]<br>Campbell, CA 95008 | Alado LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 |

Proof of Service
Page 2 of 2

| | |
|---|---|
| Veles LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Kristina Antonova a/k/a Krystyna Antonova a/k/a Kristy Antonova a/k/a Krystyna Antanova a/k/a Krystyna Taryanik<br><br>San Jose, CA 95117 |
| Karine LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Roman Taryanik<br><br>San Jose, CA 95117 |

Place of Mailing: Glendale, California
Executed on August 14, 2017, at Glendale, California

_____
Katrina Bartolome