UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

**SEIKO EPSON CORP**
**AND EPSON AMERICA,**

                Plaintiffs,

v.

**Inksystem LLC, et.al.**

                Defendants.

Case No.: 3:16-cv-00524-RCJ-VPC

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO VACATE PRELIMINARY INJUNCTION ECF 171

### A.   BACKGROUND.

On August 30, 2017, Plaintiffs filed an OPPOSITION TO DEFENDANTS MOTION TO VACATE PRELIMINARY INJUNCTION ECF 171.

Plaintiff continues to rely upon faulty reasoning and factual assertions contradicted by the record.

Defendants disagree with all statements and file this reply pursuant to LR 7-2 in support of Defendants motion to vacate Preliminary Injunction. ECF 154.

### B.   ARGUMENTS.

Plaintiffs continues to produce incorrect statement that the Defendants have never filed any opposition and they all failed to appear for the hearing regarding the same. This is misstatement.

Defendants did not even receive a copy of the TRO or Epson's request for an injunction until August 1. ECF 159. Defendants during the Case Management Conference on August 3,

2017, tried to file with the Magistrate Judge a written opposition against Temporary Restraining Order and Preliminary Injunction and made oral statements that they totally disagree with the order. Defendants Koshkalda and Maliuk made oral arguments that the TRO and Preliminary Injunction makes it impossible to withdraw even 1 dollar from the bank accounts. However, at the Case Management Conference on August 3, 2017, Honorable Judge Cooke refused to accept the written opposition.

On Friday, August 5, 2017, Defendants Koshkalda, Maliuk tried to withdraw the sum allowed by the Court order of $3000 for each defendant. Despite the TRO provision permitting defendants to withdraw $3000 without Court leave, the defendants were unable to withdraw even an amount less than $5. Attached as EXHIBIT 1, 3 declarations of Koshkalda and Maliuk.

On Monday August 7, 2017, Defendants Koshkalda, Maliuk at 9:40 am, went to the bank in order to withdraw money to buy a gas and drive to the Court hearing to attend the hearing regarding Preliminary Injunction in front of the honorable Judge Jones.

The bank teller again refused to permit defendants to withdraw even $1 from the frozen bank accounts. The bank teller instructed defendants to contact the legal department in order to solve the problem. Defendants called to the legal department but they declined to provide additional information as well. They relied on the Court TRO as a reason why they declined to permit the withdrawal of even $1. Without money, Defendants were not able to buy even gas for the car to drive from San Jose California to the hearing in Nevada . Plaintiffs' allegation that the Defendants were left with money in cash is obviously false. All sales were conducted online and paid directly to frozen bank accounts so it was impossible and impracticable for defendants to have cash. Plaintiffs have all bank statements for all Defendants bank accounts showing funds

were directly deposited in such accounts and not paid in cash. Defendant Koshkalda declaration, attached as EXHIBIT 1.

On August 7, 2017, after unsuccessful attempts to withdraw money Defendants Koshkalda, Maliuk, called the Court and conveyed a message to the honorable Judge Jones that they would not be able to appear at the hearing regarding Preliminary Injunction because they did not have the means to get to the Court.

At that point Defendants were not allowed to file any documents electronically. Defendant Koshkalda during phone conversation with honorable Judge Jones clerk asked permission to file an opposition electronically but Judge Jones office clerk said that it possible to do only after Judge Jones separate approval. This meant that Defendant Koshkalda would have to have driven from San Jose, California, to Reno to file. But there was no money to pay gas and the hearing was the same day, so there was no time to drive. Later on Defendants filed a motion to obtain a Court authorization to file documents electronically pursuant to LR IC 2-1 which is still pending. ECF 163. Attached as EXHIBIT 2 transcript of phone conversation with Court clerk.

Defendant Maliuk called to the honorable Judge Jones office and left the message describing that he cannot be present at the hearings based on lack of means but he respectfully disagreed with the TRO and by not attending hearing he is not withdraw from his right to oppose to Preliminary Injunction. Attached as EXHIBIT 4 transcript of voice message to the Judge Jones clerk.

Defendant Bielov since TRO was issued tried to withdraw even $5 from his bank account, but the banks declined his request on the same grounds as others Defendants. From the

moment when the TRO was issued and until August 7, 2017, Defendant Bielov was in the New Jersey state on the East coast and could not attend Court hearing as well.

Plaintiffs said that Defendants omit the overwhelming evidence of their obstruction in this case which has not stopped. It is evidenced by statements that they have and will produce certain documents to refute the claim that they are hiding their assets, without actually providing any documents. False. Defendant Koshkalda explained the nature of the real estate business on his deposition and Plaintiffs were aware about it. ECF 162, p.20: 3-15; p.21:16-25; p. 22:19-7; p. 23:9-25; p.24:14-25; p.25:1-16; p.26:17-25.

Plaintiffs said that the Defendants themselves requested that their counsel be relieved, when they appear to have counsel acting on their behalf in other cases where they are the Plaintiffs. False. Other cases pending in the California have nothing to do with the matters in this case. An attorney who represented Defendant Koshkalda and Kravchuk there is not admitted to practice in the Nevada state. Moreover, that attorney, Alex Gortinsky, filed a declaration in support of motion to release means in order to pay legal fees based on hourly rate in the other cases as well, since the order also prevented payment to him. ECF 167.

Defendants were forced to withdraw from their former counsel for record because since all accounts were frozen it was impossible to pay legal fees. Defendants never voluntarily agreed to withdraw their counsel, that is a misstatement made by Plaintiffs counsel multiple times. If the Federal law does not permit for entities to appear in the court without counsel, it does not give them right to agree or disagree with that, as it is the LAW. If you can't pay attorney's fee you don't have a counsel and that is the common sense.

On August, 10, 2017 Defendants filed a petition for Writ of Mandamus to the U.S. Court

of Appeals, Ninth Circuit, against Court TRO and Preliminary Injunction where they clearly expressed their opposition to Preliminary Injunction. ECF 138.

On August, 16, 2017, Defendants filed an opposition to Preliminary Injunction, ECF 154, but mistakenly called the opposition a Motion to vacate Preliminary Injunction. The gist and the nature of the motion clearly shows the intent and the action to oppose Preliminary Injunction. This was filed almost a week before the injunction was entered by the court. ECF 159.

On August, 22, 2017, Defendants filed a supplement to the motion to vacate the Preliminary Injunction where they expressly opposed the Preliminary Injunction. ECF 162.

On August, 29, 2017 Defendants filed a motion to release means of payment as part of the opposition to Preliminary Injunction in order to Pay Business Expenses, Taxes, Fees for August. ECF 169.

On August, 31, 2017, Defendants filed a motion to release means of payment as part of the opposition to Preliminary Injunction in order to Pay Business Expenses, Taxes, Fees for September. ECF 174.

The Preliminary Injunction does not provide the mechanism how to withdraw money from bank accounts. This is just one example of how it is improper and overbroad. Under Epson's interpretation of the injunction, it also improperly prevents defendants from making mortgage payments or paying any bills or taxes on their properties or even paying for a lawyer in this suit, as explained above. And it does this all without an adequate showing that Art LLC or Artem Koshkalda's property is derived from the use of infringing trademarks.

This reply and the motion to vacate the injunction, along with the supplemental motions defendants filed, should be deemed defendant's opposition to the injunction. It is highly unfair

to defendants to penalize them for not being able to file something in person or attend a hearing in another state within only six days after first even learning about Epson's request for this injunction, particularly when the TRO froze all their assets so they could not get money to travel. The only one way the Defendants could attend the hearings in front of Judge Jones regarding Preliminary Injunction would have been by violating TRO which contradicts with each other and common sense.

In the light of all above mentioned facts, no reasonable person can make the inference that the Defendants withdraw from their right to oppose to Preliminary Injunction.

## C. CONCLUSION.

Based on aforementioned facts the Defendants file this reply to Plaintiffs opposition to motion to vacate Preliminary Injunction and refute the argument that Defendants withdraw from their right to oppose to Preliminary Injunction. The Defendants ask Court permission to consider this motion with all pending motions regarding Preliminary Injunction before September, 20, 2017, in order to file an appeal.

Defendant hereby sign this Motion under penalty of perjury under the laws of United States:

*signature*

_____
**Artem Koshkalda**
1280 Terminal Way ste. 28
Reno, NV 89502,
(408)300-2164
artemkoshkalda@gmail.com

*signature*

_____
**Vitalii Maliuk,**
675 Fairview Dr. ste 233
Carson City, NV 89701
(669) 225-6885
vitaliimaliuk@gmail.com

20
21

*signature*

_____
**Igor BIelov,**
390 Freeport Blvd, ste 6, Sparks, NV, 89431
7757624864
Igor.v.bielov@gmail.com

*signature*

_____
**Andriy Kravchuk,**
1000 Bible Way ste. 40
Reno NV, 89502,
(408) 386-2221
ualhimik@yahoo.com

37
38

39

40

41

42

**EXHIBIT 1.**

**(Declaration of Artem Koshkalda).**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br> Plaintiffs, <br> v. <br> InkSystem LLC, AF LLC, ART LLC, Lucky Print LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, Artem Koshkalda, Vitalii Maliuk, and Does 2 – 10, inclusive, <br> Defendants. | Case No. 3:16-cv-00524-RCJ-VPC <br><br> DECLARATION OF ARTEM KOSHKALDA IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS OPPOSITION TO MOTION TO VACATE PRELIMINARY INJUNCTION |

I, Artem Koshkalda, declare under penalty of perjury under the laws of the United States as follows:

1. I am a Defendant in this matter and hereby make this declaration in support of Defendants' reply to Plaintiffs opposition to motion to vacate preliminary injunction.

2. I make this Declaration on personal knowledge and, if called and sworn as a witness, I could and would competently testify as set forth below.

3. I went to the Bank of America in order to obtain $3000, as Temporary restraining order authorized me to do so.

4. I could not receive nor $3000 or even $5 from my personal and business bank accounts as permitted by the court order.

5. I recorded the conversation on audio I had with the employee of Bank of America.

6. I called to the Court prior to Preliminary Injunction in front of the Judge Jones and notified that I would not attend hearings because I don't have money to buy a gas and TRO does not provides mechanisms how I can do it in order to comply with TRO. Transcript of the phone call conversation with Judge Jones clerk attached as EXHIBIT 2.

Dated this letter on 15th day of September, 2017.

**Artem Koshkalda**

**EXHIBIT 2.**

(Transcript of Defendant A. Koshkalda phone conversation with Court clerk, dated August 7, 2017, time approximately 12 pm ).

A- Artem Koshkalda

B- US District Court District of Nevada, honorable Judge Jones court clerk.

A. Before I say something I want you let you know that I'm recording the phone call.

B. Who is this?

A. My name is Artem Koshkalda. I have an appointment today at 1:30 pm so I have something to say and is this ok if I record the phone call?

B. What your question?

A. I cannot, I don't have means to get to the Court today at 1:30 pm with the Judge Jones.

B. OK.

A. I'm calling to let you know about that. Once I did everything I could in order to be there but as earlier as found out that I would not be able to make....I'm trying to notify the court.

B. Ok. You would need to file something on the Docket as well, and give me a quick spelling so I let Judge.......unclear let him know as well.

A. Correct spelling ow what?

B. Of your name.

A. My name is Artem Koshkalda, let me spell it for you. A as a an apple, R as a robert, T as a tom, E as a an edward, M as mikle, this is a first name.

1   B. OK.

2   A. And the last name K as a kevin, O as an orange, S as a sem, H as a henry, K as a kevin,

3   A as an apple, L as a larry, D as a derick, A as an apple. Just to make sure one more

4   time ARTEM KOSHKALDA.

5   B. And you are for which party?

6   A. For myself Artem Koshkalda and ART LLC.

7   B. Ok. So one the Defendant's right?

8   A. Yes, that is correct.

9   B. Ok, I don't know what to tell you, I just take this information, I mean if you wanna I'll

10   need to file something and I noticed you don't have to an attorney anymore? That is

11   correct

12   A. Yeah and, keep in mind that..uh what other way is to file it, I'm sorry I don't have an

13   attorney what would be the way to file anything to the Court?

14   B. Well, uhhh at this point of time you need to bring or mail to the Court down here to file

15   it, you can also........unclear electronically usually electronically for counsel but here is

16   times an exceptions for pro se.

17   A. Yeah Lisa, got it. I don't have means to send it by mail because it cost like several dollars

18   but I would be more than happy to file it immediately electronically if you be able to tell

19   me how I can do that?

20   B. There I cannot give you any access to file electronically it totally up to the Judge, so you

21   need to you first filing would need have to be done by mail or bring in to the Court,

22   asking requesting for permission to file electronically.

1   A. Unfortunately I cannot get to the Court because I don't have gas in my car so, and I'm

2   sorry that I'm putting you in a such tough position, but those question you can imagine in which

3   position I'm right now, I have no means to either mail anything or show up in the Court and it's

4   very interesting situation that I got into. So, is that anything else what you can suggest me to do

5   in this case?

6   B. The Judge is gonna be call the case at 1:30 pm, you wanna also contact maybe

7   Plaintiffs counsel let them know that you are not going to be showing, is anybody else go to

8   show, uhh for the Defendants or you just the sole person?

9   A. I'm speaking on myself on my behalf but I'm assuming the rest people they have

10  exactly the same situation the rest defendants, and I'm assuming it is gonna be the same situation

11  because we all have the same problem with having no means to get to the Court. Unfortunately

12  I'm not, because they don't speak English, so I would rather ask you take it to noted that I would

13  be speaking on their behalf and I'll try to get their confirmation later on, You can just note it.

14  B. I'll let to know Judge that you called and that you would not be, that your are not

15  attending and that ...unclear advise the Judge and it is up to the Judge what to do in this matter.

16  A. Got it ok, Lisa I heard you and hoping that the Judge is gonna contacting me and tell

17  how I can file something electronically

18  B. The Judge won't be calling you, everything filing electronically.  You can start by log

19  in to our website which is nvd.uscourts.gov you can review Local rule. What is the phone

20  number that you are at?

21  A. It is 408 300 2164.

22  B. Ok, um you want to review that, but the plaintiff's counsel may be not you know he

1   will be calling the case and um i will just let him know that you called in.

2       A. Ok, listen, thank you very much for understanding and giving me those instructions, I

3   will definitely go right now to the website. On a meantime I am considering this phone call, the

4   *purpose of this phone call has been met and I notified the court that and um I am more than*

5   willing to speak to the judge, he is not going to call me it is up to him. But, thank you very much

6   for your time, Lisa

7       B. Aha, bye bye.

8       A. Bye.

*[signature]*

Artem Koshkalda

# EXHIBIT 3.

## (Declaration of V. Maliuk)

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br> Plaintiffs, <br> v. <br> InkSystem LLC, AF LLC, ART LLC, Lucky Print LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, Artem Koshkalda, Vitalii Maliuk, and Does 2 – 10, inclusive, <br> Defendants. | Case No. 3:16-cv-00524-RCJ-VPC <br><br> DECLARATION <br> OF VITALII MALIUK <br> IN SUPPORT OF DEFENDANTS' REPLY <br> TO PLAINTIFFS OPPOSITION TO MOTION TO VACATE PRELIMINARY INJUNCTION |

I, Vitalii Maliuk, declare under penalty of perjury under the laws of the United States as follows:

1. I am a Defendant in this matter and hereby make this declaration in support of Defendants' reply to Plaintiffs opposition to motion to vacate preliminary injunction.

2. I make this Declaration on personal knowledge and, if called and sworn as a witness, I could and would competently testify as set forth below.

3. I went to the Bank of America in order to obtain $3000, as Temporary restraining order authorized me to do so.

14

4. I could not receive nor $3000 or even $5 from my personal bank account as permitted by the court order.

5. I recorded the conversation on audio I had with the employee of Bank of America.

6. I called to the Court prior to Preliminary Injunction in front of the Judge Jones and notified that I would not attend hearings because I don't have money to buy a gas and TRO does not provides mechanisms how I can do it in order to comply with TRO. Transcript of the phone call conversation with Judge Jones clerk voice box attached as EXHIBIT 4.

**Vitalii Maliuk**

Sep.15.2017

**EXHIBIT 4.**

**(Transcript of Vitalii Maliuk voice message to the Judge Jones office clerk voice box, dated August 7, 2017 at 1:10 pm).**

Answering Machine: Hello you have reached the voice mail…….. court administrator of honorable Robert C Jones, I am either assisting another party or attending court proceedings, please leave your name, phone number and a brief message and I will return your call as soon as I can, thank you and have a great day. Record your message at the tone, when you are finished press pound for more options.

Vitalii: Hello my name is Vitalii Maliuk, v as in viktor, I as in India, t as in tom, a as in alpha, l as in lima, I as in india, I as in india, Maliuk, M as in mike, a as in alpha, l as in lima, I as in india, u as in uniform, k as in kilo, I am calling regarding todays hearing in front of judge jones at one thirty unfortunately I will not attend this court hearing because since all of our assets were frozen I don't have any sources of income, since tro I didn't receive my salary that's only source of income so I have a pregnant wife and 18 months year old baby I have to take care about them because we were deprived of any sources of income as we can't allow counsel anymore so I respectfully disagree with Judge Jones decision and by not attending it doesn't mean I waive my right, I disagree with his decision , thank you very much.

End of transcript

*/s/ Vitalii Maliuk*
**Vitalii Maliuk**

16