

✓ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 1 0 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SEIKO EPSON CORP. et al.,

       Plaintiffs,

     vs.

INKSYSTEM LLC et al.,

       Defendants.

3:16-cv-00524-RCJ-VPC

**ORDER**

This case arises out of alleged counterfeiting and other unauthorized use of trademarks in relation to computer printer ink cartridges.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Seiko Epson Corp. ("Seiko") is a Japanese corporation that owns eight registered trademarks at issue in the present case, U.S. Trademark Nos. 1,134,004 ("EPSON"); 2,144,386 ("EPSON"); 2,949,374 ("EPSON"); 3,092,025 ("EPSON"); 3,520,274 ("EPSON"); 3,448,351 ("EPSON EXCEED YOUR VISION"); 3,875,333 ("Better Products for a Better Future"); and 2,644,235 ("DURABRITE") (collectively, "the Marks"). Plaintiff Epson America, Inc. is a California corporation and Seiko's sole licensee for ink cartridges using the Marks. Defendants are Nevada and California residents and business entities.

1

1    Plaintiffs allege that Defendants import, modify, repackage, advertise, distribute, and/or

2    sell at least three types of infringing cartridge: (1) counterfeit ink cartridges manufactured abroad

3    bearing one or more of the Marks; (2) genuine Epson cartridges sold abroad with printers that are

4    not intended for resale; and (3) genuine Epson cartridges sold abroad that are expired or nearly

5    expired. As to the latter two categories of cartridge, Defendants remove them from their original

6    packaging, reprogram or otherwise modify them to work in American printers (they otherwise

7    would not), and repackage them with counterfeit Epson labels. In the process, Defendants

8    degrade the quality and lifespan of the ink, remove instructions for use with the cartridges and

9    other important consumer information such as the expiration date, and add their own false

10   advanced expiration dates. Defendants' activities infringe the Marks, deceive consumers, and

11   damage Plaintiffs' goodwill.

12       Plaintiffs sued Defendants in this Court for trademark counterfeiting and infringement

13   under 15 U.S.C. § 1114 *et seq.* and unfair competition and false advertising under § 1125 *et seq.*

14   The Court granted a temporary restraining order ("TRO") and after a hearing granted a

15   preliminary injunction ("the Sales Injunction"), enjoining certain offending activity and ordering

16   the seizure and impoundment of the accused goods. Discovery has been problematic. Plaintiffs

17   asked the Magistrate Judge to issue a report and recommendation for terminating sanctions

18   against certain Defendants for their continued intransigence. InkSystem, LLC and Lucky Print,

19   LLC (collectively, "Debtors") filed for Chapter 11 bankruptcy protection. Plaintiffs asked for

20   another TRO seizing Defendants' assets (minus the assets of Debtors). The Court granted the

21   motion and later granted a preliminary injunction ("the Asset Freeze") when Defendants failed to

22   appear at the hearing. In the meantime, the Magistrate Judge recommended that the sanction of

23   default be entered against Defendants Art LLC, AF LLC, Inkredible LLC, Andriy Kravchuk,

24   Artem Koshkalda, Igor Bielov, and Vitalii Maliuk. The Court adopted that recommendation.

2

1   The Clerk had previously entered the defaults of Defendants Veles LLC, Alado LLC, Karine

2   LLC, Karine Vardanian, Vladimir Slobodianiuk, Kristina Antonova, and Roman Taryanik for

3   failure to answer or defend. The Clerk has entered notice of its intent to dismiss without

4   prejudice as against Defendants KBF LLC and Vitalii Galukh under Rule 4(m) unless Plaintiffs

5   file proof of service or show good cause by September 29, 2017, and Plaintiffs have asked the

6   Clerk to enter default against Debtors now that the automatic stay has been lifted.

7       In summary, the defaults of all Defendants have been entered except those two

8   Defendants subject to dismissal for failure to serve them and those two Defendants previously

9   protected by the automatic stay. Several motions relating to the Asset Freeze are pending before

10   the Court.

11   **II.    DISCUSSION**

12       First, Bielov, Koshkalda, Kravchuk, and Maliuk have asked the Court to vacate the Asset

13   Freeze (ECF No. 159) or to release the funds for use in hiring attorneys and continuing their

14   businesses.[1] Movants' only potentially legitimate grievance is that they've been having trouble

15   convincing tellers at their banks to disburse to them the $3000 per month per Defendant

16   permitted for the individual Defendants' living expenses. But Movants argue that the hardship is

17   on the employees of the LLC Defendants, because the LLCs can't pay them. In other words,

18   Movants don't seem to claim that any individual Defendant has been unable to withdraw $3000

19   per month from his or her personal bank account, but only that the LLC Defendants' accounts

20   have been so restricted.

21

---

22   [1] The motion is also nominally filed on behalf of several of the LLC Defendants, but those
Defendants can make no appearance without an attorney. *See United States v. High Country*

23   *Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Because some Movants are individuals who
may appear *in pro se*, however, the Court will not strike the relevant filings as requested by

24   Plaintiffs.

1        Moreover, Plaintiffs respond that several accounts already known to them had been

2   closed before the TRO was served on the relevant banks, leading them to think the accounts were

3   cleared out and that more assets are being hidden. For example, Koshkalda has closed the sale of

4   one or more properties despite the Asset Freeze (and has continued to list others for sale).

5   Movants in fact appear to admit one or more sales despite the TRO in the present motion (and

6   others), explaining that they refused to stop sales despite the Asset Freeze in order to protect

7   third-party buyers (or to protect themselves from lawsuits by third-party buyers) and noting, e.g.,

8   "The reason some properties were sold was because that was the legitimate real estate investment

9   process. Once the properties reached a certain profit margin they were to be sold." In other

10   words, Movants make no apologies for their violations of the Asset Freeze but simply explain

11   their reasons. Nor do Movants explain their failure to appear for the Asset Freeze hearing. In

12   their responses, Plaintiffs have amply documented Defendants' consistent intransigence in

13   discovery and contempt of the court's orders by Defendants, as well as the flight risk they pose

14   should the assets be unfrozen. The Court will not lift or modify the Asset Freeze at this time.

15        Second, Plaintiffs have asked the Court to order Defendants Koshkolda and Westbrook to

16   show cause why they should not be held in contempt due to their sale of one or more properties

17   in violation of the Asset Freeze. The Court will order these Defendants to appear and show

18   cause. It will not order the remedies Plaintiffs have suggested in their motion unless and until

19   the Court finds Defendants in contempt.

20        Third, Koshkalda has asked the Court to return certain ink cartridges that were seized that

21   he alleges were not within the scope of the Sales Injunction, i.e., cartridges sold "as is" without

22   any modifications or unauthorized labeling. Plaintiffs respond that the seizure was within the

23   scope of the Sales Injunction and was in fact later confirmed by the Court as proper. The Court

24   will hear this motion at the show-cause hearing.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Vacate Preliminary Injunction (ECF Nos. 154, 173), the Motion to Stay Proceedings for Defendants to Obtain Counsel (ECF No. 158), and the Motions to Release Funds (ECF Nos. 167, 168, 169, 174) are DENIED.

IT IS FURTHER ORDERED that the Motion for Authorization to File Documents Electronically (ECF No. 163) is GRANTED. Bielov, Koshkalda, Kravchuk, and Maliuk may register on the Court's website in accordance with Local Rule IC 2-1(d) and must comply with the Local Rules and all applicable General and Special Orders when registering and filing.

IT IS FURTHER ORDERED that the Motion to File Surreply (ECF No. 164) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 185) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 186) is GRANTED. A response to Motion No. 155 will be due seven (7) days before the hearing on Motion No. 155, whichever is later. An optional reply will be due the day before the hearing.

IT IS FURTHER ORDERED that a hearing on the Motion to Show Cause (ECF No. 155) and the Motion to Return Property (ECF No. 177) is scheduled for *10:00AM October 23, 2017, Courtroom 3*. Defendants Artem Koshkalda and Vladimir Westbrook shall personally appear at the hearing.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 200) is GRANTED.

IT IS SO ORDERED.

Dated this *10th Day of October, 2017.*

_____
ROBERT C. JONES
United States District Judge

5