1  Annie S. Wang
   Nevada Bar No. 10792/CA SBN 243027
2  J. Andrew Coombs, Of Counsel
   CA SBN 123881 (Admitted *Pro Hac Vice*)
3  Wang Law Corporation
   520 East Wilson Ave., Suite 200
4  Glendale, California 91206
   Telephone:    (818) 500-3200
5  Facsimile:    (818) 500-3201
   *andy@wangalc.com*
6  *annie@wangalc.com*

7  James D. Boyle
   Nevada Bar No. 08384
8  Holley Driggs Walch Fine Wray Puzey & Thompson
   400 South Fourth Street, Third Floor
9  Las Vegas, Nevada 89101
   Telephone:    (702) 791-0308
10 Facsimile:    (702) 791-1912
   *jboyle@nevadafirm.com*
11
   Attorneys for Plaintiffs Seiko Epson Corporation
12 and Epson America, Inc.

13

14                UNITED STATES DISTRICT COURT

15                    DISTRICT OF NEVADA

16  Seiko Epson Corporation and Epson        )  Case No. 3:16-cv-00524-RCJ-VPC
    America, Inc.,                           )
17                        Plaintiffs,        )            AMENDED ORDER FOR
                                             )  ASSET SEIZURE AND
18          v.                               )  IMPOUNDMENT
                                             )
19  InkSystem LLC, et al.,                   )
                                             )
20                        Defendants.        )
                                             )

21

22          The Court issued its Order for Asset Seizure and Impoundment against

23  Defendants AF LLC, ART LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov,

24  Artem Koshkalda and Vitalii Maliuk on August 22, 2017, Docket No. 159.

25          On October 10, 2017, the Court issued an Order setting a hearing on Plaintiffs

26  Seiko Epson Corporation and Epson America, Inc.'s (collectively "Plaintiffs")

27  *Emergency Ex Parte* Application for Order to Show Cause re Contempt as to Artem

28  Koshkalda and Vladimir Westbrook, Docket No. 155 ("Motion to Show Cause"),

1   providing Defendant Koshkalda an extension to respond to the Motion to Show Cause

2   and requiring Defendants Koshkalda and Westbrook's personal appearance before the

3   Court on October 23, 2017 at 11:00 am.  Docket No. 222.  Defendant Koshkalda filed his

4   response to the Motion to Show Cause on October 18, 2017, Docket No. 228, and

5   Plaintiffs filed their Objections and Reply on October 20, 2017.  Docket Nos. 229-230.

6   Notice of the Hearing Location was also issued on October 20, 2017.  Docket No. 227.

7   Plaintiffs also served Notices of the October 10, 2017, Order, as well as the Notice of the

8   Hearing Location on Defendants.  Docket Nos. 234-235, 248.  Despite notice of the

9   October 10, 2017, Order, Defendants Koshkalda and Westbrook did not personally

10  appear at the hearing on October 23, 2017 at 11:00 am, and therefore, the Court hereby

11  finds Defendants Koshkalda and Westbrook in contempt of Court and AMENDS its

12  Order for Asset Seizure and Impoundment as set forth herein as against Defendants

13  Artem Koshkalda, ART LLC, and any other company owned or controlled by him

14  ("Defendants"), as well as  any individuals acting in concert with them, including

15  Vladimir Slobodianiuk a/k/a Volodymyr Slobodianiuk a/k/a Vladimir Westbrook

16  ("Westbrook"), having made the following findings:

17      1.      Plaintiffs have made a strong showing of success on the merits in showing

18  that Defendants are using Plaintiffs' trademarks or marks confusingly similar to

19  Plaintiffs' trademarks, including those attached hereto as Exhibit A ("Plaintiffs'

20  Trademarks") in connection with the importation, manufacture, distribution, sale and

21  offer for sale of counterfeit and/or infringing ink cartridges bearing unauthorized

22  reproductions or substantially similar copies of registered trademarks owned by Plaintiffs

23  ("Unauthorized Products").

24      2.      Defendants' discovery defaults further strengthen the conclusion of

25  Plaintiffs' likelihood of success on the merits.

26

27

28

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

3.     Plaintiffs have shown that proceeds from Defendants' infringement were deposited into a large number of bank accounts and also used to purchase valuable real estate, among other things.

4.     Plaintiffs have shown that Defendants have and are likely to further liquidate or dissipate assets, that they have a history of transferring money to family members and using shell companies to hide assets or the source of money, and that they are a flight risk such that Plaintiffs will be unable to obtain an equitable accounting or recover Defendants' profits if the relief is not granted.

5.     The Defendants' dissipation, secreting, and hiding of assets will result in immediate and irreparable injury to Plaintiffs if this relief is not ordered.

6.     The harm to Plaintiffs of denying the requested injunction outweighs the harm to the legitimate interest of Defendants from granting such order.

7.     The public interest is served by entry of the present order to prevent Defendants from profiting from their infringement.

8.     The Court has jurisdiction over the subject matter of this action and over Plaintiffs and Defendants.

9.     Plaintiffs have shown that Defendants have access to funds outside of this Court's prior Temporary Restraining Order and Order for Asset Freeze and Impoundment and that Defendant Koshkalda, and others, have acted in violation and in willful contempt of those Orders despite service and actual notice of the Orders.

10.     THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendants, any person acting in concert with them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, or any third-party service provider who is served with a copy of this Order, other than Inksystem LLC and Lucky Print LLC, or has knowledge of this Order by personal service or otherwise, are enjoined and restrained from:

-3-

a. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, or other assets, wherever located, including outside the United States, including but in no way limited to those accounts and assets identified in Exhibit B, and for clarity, expressly excluding those of Inksystem LLC and Lucky Print LLC, that are:

    i. owned or controlled by, or in the actual or constructive possession of any Defendant;

    ii. owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

    iii. owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants (including but not limited to Sancase LLC, Vilacet LLC, and Renoca LLC), including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

b. Opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC;

c. Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC;

- 4 -

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

d. Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC; or

e. Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, expressly excluding those of Inksystem LLC and Lucky Print LLC.

11. IT IS FURTHER ORDERED that Defendants may pay any monetary Court ordered sanction without leave of Court.

12. IT IS FURTHER ORDERED that the assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order expressly excluding those of Inksystem LLC and Lucky Print LLC.

13. IT IS FURTHER ORDERED that Defendants' third-party service providers or others acting in concert with them, specifically including but not limited to Westbrook, or any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of Defendants, or that has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order, expressly excluding those of Inksystem LLC and Lucky Print LLC, shall:

a. Hold and retain within its control and prohibit the withdrawal, removal, assignment transfer, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further Order of this Court;

b. Provide Plaintiffs' counsel within five (5) business days of service of a copy of this Order, a sworn statement setting forth:

- 5 -

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

i.     The identification number of each account or asset titled in the name, individually, or jointly, of any of the Defendants, or held on behalf of, or for the benefit of, any of the Defendants, other than accounts for Inksystem LLC and Lucky Print LLC;

ii.     The balance of such account on the date on which this Order is served, whether the account was closed or removed, the date of any such closure or removal, the total funds removed in order to close the account and the name of the person or entity to whom such account or other asset was remitted.

14.     IT IS FURTHER ORDERED that during the pendency of this action all bank accounts owned by Defendants or any of their corporate entities, other than Inksystem LLC and Lucky Print LLC, to which at least one of the Defendants own some interest, including but in no way limited to those accounts identified in Exhibit B, expressly excluding those of Inksystem LLC and Lucky Print LLC, are hereby impounded.

15.     IT IS FURTHER ORDERED that Defendants' third-party service providers or others acting in concert with them, or any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of Defendants, expressly excluding those of Inksystem LLC and Lucky Print LLC, or that has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order shall comply with paragraphs 9-14 herein.

16.     IT IS FURTHER ORDERED that the Court may appoint a special master or receiver to which Defendants and any of their corporate entities to which at least one of the Defendants own some interest, expressly excluding those of Inksystem LLC and Lucky Print LLC, must report and request authorization to transfer any assets.

- 6 -

1        17.    IT IS FURTHER ORDERED that this Preliminary Injunction is issued

2   without the posting of any additional bond. The bond or surety in the form of a check or

3   cash in the amount of $100,000, Docket No. 11, currently on file in this case will also be

4   used to secure the payment of any costs or damages, not to exceed twice the sum as may

5   be suffered or sustained by any party who is wrongfully restrained thereby.

6        18.    IT IS FURTHER ORDERED that this Order may be recorded, filed

7   and/or lodged with any local, state or other authority including but not limited to the

8   County Recorder's Office where any real property at issue is located.

9        19.    IT IS FURTHER ORDERED that the Court may change this Order at any

10  time upon application.

11       20.    IT IS FURTHER ORDERED that with respect to Defendants Artem

12  Koshkalda and ART LLC only, this Order will supersede the prior Order for Asset

13  Freeze and Impoundment. Docket No. 159. The Order for Asset Freeze and

14  Impoundment, Docket No. 159, will remain in full force and effect as to all other

15  defendants identified therein and in all other respects except as set forth herein.

16       21.    This Order shall be deemed to have been served upon Defendants at the

17  time of the signing thereof by the Court.

18

19                           IT IS SO ORDERED.

20

21

22                           UNITED STATES DISTRICT JUDGE

23                           Dated: — October 27, 2017 —————

24

25

26

27

28

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

**EXHIBIT A**

**SEC'S TRADEMARKS**

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
| EPSON EXCEED YOUR VISION | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
| Better Products for a Better Future | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |

- 8 -

## EXHIBIT B

| Bank Accounts | | |
|---|---|---|
| **Financial Institution** | **Account** | **Account Name/Holder** |
| Bank of America, N.A. | 1744 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0057 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0633 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 1234 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0519 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0623 | ART LLC |
| Bank of America, N.A. | 1033 | ART LLC |
| Bank of America, N.A. | 6624 | ART LLC |
| Bank of America, N.A. | 7115 | ART LLC |
| Bank of America, N.A. | 7255 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0087 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0090 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0100 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 0155 | ARTEM KOSHKALDA |
| Bank of America, N.A. | 2797 | ARTEM KOSHKALDA DBA BEST DEAL CARTRIDGE |
| Bank of America, N.A. | 3491 | ART LLC |
| Bank of America, N.A. | 9178 | AF LLC |
| Bank of America, N.A. | 9275 | AF LLC |
| Bank of America, N.A. | 9753 | AF LLC |
| Bank of America, N.A. | 9766 | AF LLC |
| Bank of America, N.A. | 7593 | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE |
| Bank of America, N.A. | 7611 | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE (INK SYSTEM) |
| Bank of America, N.A. | 7654 | ARTEM KOSHKALDA, SOLE PROP DBA BEST DEAL CARTRIDGE (SAVE MONEY CARTRIDGE) |
| Bank of America, N.A. | 7689 | ARTEM KOSHKALDA, SOLE PROP DBA APTPIZZADEALS |
| Bank of America, N.A. | 8964 | ART LLC |

| | | |
|---|---|---|
| Bank of America, N.A. | 8977 | ART LLC |
| Bank of America, N.A. | 8980 | ART LLC |
| Bank of America, N.A. | 8533 | ART LLC |
| Bank of America, N.A. | 8591 | ART LLC |
| Bank of America, N.A. | 8760 | RENOCA LLC |
| Bank of America, N.A. | 9099 | PRIVAT GROUP LLC |
| Citibank Fsb | 8374 | Art LLC |
| Citibank Fsb | 8390 | Art LLC |
| Citibank Fsb | 8382 | Art LLC |
| Citibank Fsb | 6310 | AF LLC |
| Citibank Fsb | 6294 | AF LLC |
| Citibank Fsb | 6302 | AF LLC |
| JP Morgan Chase Bank, N.A. | 7586 | Art LLC |
| JP Morgan Chase Bank, N.A. | 8931 | Art LLC |
| JP Morgan Chase Bank, N.A. | 9772 | Art LLC |
| Umpqua Bank | 2549 | AF LLC |
| Umpqua Bank | 6949 | AF LLC |
| Umpqua Bank | 8355 | AF LLC |
| Wells Fargo Bank, N.A. | 5138 | 3Day Shipping |
| Wells Fargo Bank, N.A. | 7982 | Artem Koshkalda dba Art |
| Wells Fargo Bank, N.A. | 7966 | Artem Koshkalda dba Art |
| Wells Fargo Bank, N.A. | 4158 | Artem Koshkalda dba ART |
| Wells Fargo Bank, N.A. | 2935 | Artem Koshkalda dba ART |
| Wells Fargo Bank, N.A. | 7974 | Artem Koshkalda dba ART |
| Wells Fargo Bank, N.A. | 0399 | Artem Koshkalda |
| Wells Fargo Bank, N.A. | 8446 | Artem Koshkalda |
| Wells Fargo Bank, N.A. | 6747 | Artem Koshkalda dba ART |
| Wells Fargo Bank, N.A. | 2551 | Artem Koshkalda dba ART |
| Wells Fargo Bank, N.A. | 0961 | Artem Koshkalda dba Bestdealcartridge |
| Wells Fargo Bank, N.A. | 6987 | Artem Koshkalda dba Featured |
| Wells Fargo Bank, N.A. | 4125 | Artem Koshkalda dba PRICEMATTERS |
| Wells Fargo Bank, N.A. | 2972 | Artem Koshkalda dba Featured |
| Wells Fargo Bank, N.A. | 3057 | Artem Koshkalda  dba ART |

**Account Holder Identification Information**

Artem Koshkalda                                SSN: ███2658

ART LLC                                        EIN: ███4186

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order

Renoca LLC

Sancase LLC

Vilacet LLC

CA Sec. of State File
Number: 201634110191
CA Sec. of State File
Number: 201634210211
CA Sec. of State File
Number: 201634310118

| Owner/ Related Defendant | Address | APN | Recording Date | Document No. | Status |
|---|---|---|---|---|---|
| Artem Koshkalda | 38868 Thimbleberry Place Newark, CA 94560 | 92A260018 | 10/3/16 | 2016253277 | |
| Artem Koshkalda | 1012 Giacomo Ln. San Jose, CA 95131 | 24146001 | 12/30/16 | 23546827/ 23546826 | Transferred to Renoca LLC |
| Artem Koshkalda | 401 Harrison St., #4A San Francisco, CA 94105 | 3765414 | 1/23/17 | K399066-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 401 Harrison St., #4D San Francisco, CA 94105 | 3765417 | 1/19/17 | K396635-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 253 Friedell St. San Francisco, CA 94124 | 4591C-462 | 1/19/17 | K396638-00 | Transferred to Renoca LLC |
| Artem Koshkalda | 388 Fulton St., #207 San Francisco, CA 94102 | 0785072 | 1/19/17 | K396636-00 | Transferred to Vilacet LLC |
| Artem Koshkalda | 11 Franklin St., San Francisco, CA 94102 *(Unit #s Unknown)* | 0837003 | 9/23/16 | K333115-00 | |
| Artem Koshkalda | 11 Franklin St., # 502 San Francisco, CA 94102 | 0837117 | 11/1/16 | K352816-00 | |
| Artem Koshkalda | 338 Portrero Ave., #402 San Francisco, CA 94103 | 3962032 | 12/20/16 | K377429-00 | |
| Artem Koshkalda & Andriy Kravchuk | One Mission Bay Property (address unknown) | | | | |

- 11 -

| Artem Koshkalda | Tanglewood by Summerhill Homes Property (address unknown) | | | | |
|---|---|---|---|---|---|
| Artem Koshkalda | Saverio/Pulte Homes Property (address unknown) | | | | |

- 12 -

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of Nevada. My business address is 520 East Wilson Avenue, Suite 200, Glendale, California 91206.

On October 26, 2017, I served on the interested parties in this action with:

NOTICE OF LODGING OF [PROPOSED] ORDERS RE CONTEMPT AS TO ARTEM KOSHKALDA AND VLADIMIR WESTBROOK

in support for the following civil action:

<u>Seiko Epson Corporation, et al. v. InkSystem LLC, et al.</u>

  x   via the United States District Court CM/ECF system;

  x   by email to artemkoshkalda@gmail.com for Defendants Artem Koshkalda and ART LLC per Defendant Koshkalda's request;

| Artem Koshkalda<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502<br>[via email to artemkoshkalda@gmail.com per<br>Defendant's request and via ECF] | Art LLC<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502<br>[via email to artemkoshkalda@gmail.com per<br>Defendant's request] |
|---|---|

  x   by placing a true copy thereof in an envelope to be immediately sealed thereafter to the below Defendants. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| InkSystem LLC<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 | Lucky Print LLC<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 |
|---|---|
| Vitalii Maliuk<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 | Inkredible LLC LLC<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 |
| Andriy Kravchuk<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 | Igor V. Bielov<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 |
| AF LLC<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 | KBF LLC<br><br>Campbell, CA 95008 |

Proof of Service
Page 2 of 2

| | |
|---|---|
| Vladimir Slobodianiuk a/k/a Volodymyr Slobodianiuk a/k/a Vladimir Westbrook<br><br>Campbell, CA 95008 | KBF LLC<br>c/o Volodymyr Slobodianiuk<br>2787 Moorpark Ave.<br>San Jose, CA 95128 |
| Karine Vardanian a/k/a Karine Christ a/k/a Karine Crist a/k/a Karine Westbrook<br><br>Campbell, CA 95008 | Alado LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 |
| Veles LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Kristina Antonova a/k/a Krystyna Antonova a/k/a Kristy Antonova a/k/a Krystyna Antanova a/k/a Krystyna Taryanik<br><br>San Jose, CA 95117 |
| Karine LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Roman Taryanik<br><br>San Jose, CA 95117 |
| KBF LLC<br>c/o Nevada Secretary of State<br>202 N. Carson St.<br>Carson City, NV 89701 | |

Place of Mailing: Glendale, California
Executed on October 26, 2017 at Glendale, California

/ Katrina Bartolome