FILED ✓     RECEIVED  
ENTERED     SERVED ON  
COUNSEL/PARTIES OF RECORD

**NOV 2 8 2017**

CLERK US DISTRICT COURT  
DISTRICT OF NEVADA  
BY: _____ DEPUTY

1  
2  
3  
4  
5

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

**SEIKO EPSON CORP**  
**AND EPSON AMERICA,**

                 Plaintiffs,

   v.

**Inksystem LLC, et.al.**

           Defendants.

**Case No.: 3:16-cv-00524-RCJ-VPC**

**DEFENDANTS KRAVCHUK AND INKSYSTEM LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS KRAVCHUK AND INKSYSTEM LLC'S MOTION TO VACATE OR ALTERNATIVELY AMEND PRELIMINARY INJUNCTION AND INCREASE THE BOND ECF No. 159**

27

28    **A.**    <u>**BACKGROUND**</u>.

29        On August 22, 2017, the Court granted Plaintiffs Seiko Epson Corporation

30 and Epson America, Inc., (collectively "Plaintiffs") motion for a preliminary

31 injunction order for asset seizure and impoundment and order show cause

32 regarding issuance of pre-judgement asset seizure pursuant to the Lanham Act (15

33 U.S.C. §1051 et.seq.), and Federal Rules of Civil Procedure, Rule 65 ("Motion"),

34 against Defendant's AF LLC, ART LLC, Inkredible llc LLC, Andriy Kravchuk,

35 Igor Bielov, Artem Koshkalda, Vitalii Maliuk (collectively Defendants). ECF No.

36 159.

On October 23, 2017, based on new significant facts (See expert report *"Epson cartridge report"* attached to ECF No. 256 as Exhibit 1) recently obtained, Defendants filed a collective motion to dissolve the preliminary injunction or alternatively increase the bond (ECF No. 231) as one of the factors in determining likelihood of prevailing on the merits was significantly changed.

On October 27, 2017, the Defendants' motion (ECF No. 231) was stricken by the Court within the Order of Contempt as to Artem Koshkalda and Vladimir Westbrook stating that "Koshkalda, his company ART LLC and Westbrook are prohibited from filing any further motions in this case and any such filings to which they are a moving party will immediately be stricken, including [...] ECF No. 231". (*See* ECF No. 250).

On November 10, 2017, Defendants Kravchuk and Inksystem LLC filed a separate motion to vacate or alternatively amend preliminary injunction and increase the bond (*See* ECF No. 256) (the "Motion").

On November 22, 2017, Plaintiffs filed an opposition to ECF No. 256 (*See* ECF No. 266) ("Opposition").

Pursuant LR 7-2 Defendants Kravchuk and Inksystem LLC file this REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS KRAVCHUK AND INKSYSTEM LLC'S MOTION TO VACATE OR ALTERNATIVELY AMEND

1  PRELIMINARY INJUNCTION AND INCREASE THE BOND.

2

3  **B.**     **ARGUMENT**.

4        Defendants Kravchuk and Inksystem LLC's Motion made the following

5  arguments which were opposed by Plaintiffs:

6        1.     Defendants Kravchuk and Inksystem LLC recently obtained the

7  results of independent expert review by independent expert Dr. Battersby,

8  according to which the Epson branded ink cartridges that Plaintiffs claimed were

9  counterfeit were found to be genuine Epson ink cartridges. (*See* Exhibit 1 attached

10  to ECF No. 256 and section B. ARGUMENT in ECF No. 256).

11        2.     Plaintiffs' representative, Mr. Herb Seitz, was present during the

12  analysis of the cartridges by Dr. Battersby as part of the AF, LLC v. Amazon

13  Services Case (Case No. 011700014976). Therefore, Plaintiffs were

14  well-acquainted with these new important facts, the results of independent expert

15  report (See Exhibit 1 attached to ECF. No 256), but never informed the Court about

16  them. This expert report significantly impacts Plaintiffs' likelihood of prevailing on

17  the merits, since it states the cartridges are genuine, even while Plaintiffs relied on

18  that case (AF, LLC v. Amazon Services et al. AAA Case No. 011700014976) as

19  evidence that Defendants were selling counterfeit Epson products.

3.     The law provides that the Court may amend the preliminary injunction when new significant facts are discovered:

a)     "A party seeking modification or dissolution of an injunction [*6] bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000);

b)     in the context of a preliminary injunction, "a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1123 (9th Cir. 2005).

4.     Defendants Kravchuk and Inksystem LLC, as a result of the seizure and impoundment which were conducted on September 2016 by Plaintiffs were deprived from inventory totalling approximately $800,000.

5.     Defendants Kravchuk and Inksystem LLC are, therefore, moving to increasing the bond to $800,000 in order to fairly compensate Defendants for damages should the Court find the injunction was improper.

Plaintiffs started their Opposition with the following four exclamations. Defendants Kravchuk and Inksystem LLC comment on them respectively:

1        1)      Defendants Kravchuk and Inksystem LLC's motion ECF No. 256 "is

2  without merit and is properly denied"; ECF No. 266

3        Defendants Kravchuk and Inksystem LLC provided the Court with strong

4  undisputed facts (See arguments 1.-5. above and ECF No. 256) and, therefore, their

5  Motion ECF No. 256 is on merits and should be granted. Plaintiffs' claim is

6  groundless.

7        2)      Defendants Kravchuk and Inksystem LLC's motion ECF No. 256 "is

8  another example of the concerted effort by the original group of Defendants to

9  delay and increase costs for Plaintiffs"; ECF No. 266

10        Defendants Kravchuk and Inksystem LLC's Motion ECF No. 256 is on the

11  merits and filing motions is the only way Defendants Kravchuk and Inksystem

12  LLC can defend themselves. This argument is without merit.

13        3)      Defendants Kravchuk and Inksystem LLC's motion ECF No. 256

14  "lacks basic support and the filer of the Motion as reflected in the "Docket Text" of

15  the Notice of Electronic Filing, was Defendant Artem Koshkalda"; ECF No. 266

16        Defendants Kravchuk and Inksystem LLC filed this opposition.  They had to

17  do so through Artem Koshkalda at this time since they do not have the ability to

18  file electronically so that the Court and Plaintiffs can receive the filing

19  immediately. If the Court considers this improper, then Defendants Kravchuk and

Inksystem LLC will have to file manually. Regardless of the process used to file, the parties filing the Motion were Defendants Kravchuk and Inksystem LLC. Plaintiffs' argument is groundless.

4) "Moreover, Defendants' [Kravchuk] continued attempt to have Inksystem LLC represent itself through Defendant Kravchuk is improper". ECF No. 266

Again, this is the only way Defendants Kravchuk and Inksystem LLC can defend themselves, as a result of all the inventory to be seized by impoundment court order ECF 33. The company managed to sustain the counsel for about 10 months then filed for bankruptcy. Plaintiffs' arguments rebutted above are not on the merits and do not counter the substance of Defendants Kravchuk and Inksystem LLC's arguments in their Motion (ECF No. 256). Plaintiffs then made the following two additional arguments:

A. "Defendants Have Not Brought Forth Any Credible or Admissible Evidence Requiring Any Change to the Court's Asset Freeze Order or to the Bond Currently in Place"; ECF No. 266.

Even the formulation of this argument contradicts with the fact that Defendants Kravchuk and Inksystem LLC provided the Court with strong undisputable facts (See arguments 1.-5. above and ECF No. 256). Plaintiffs'

arguments here are based on their belief that their allegation the cartridges are counterfeit is "admitted by Defendants [Kravchuk and Inksystem LLC] in deposition" (ECF No. 266) which is completely false.  Plaintiffs even gave the links to where they believe Defendants Kravchuk and Inksystem LLC confirm that they are dealing with counterfeit Epson products, but following these links reveals that there is no admission by Defendants that the cartridges are counterfeit or infringing. This is an additional reason for the Court to take into account and accept the new facts recently provided by the independent expert review by Dr. Battersby.

Plaintiffs also allege, "Defendants' [Kravchuk and Inksystem LLC] Motion relies entirely on an inadmissible, irrelevant, and unchecked purported excerpt from an expert report" (ECF No. 266) despite the fact that the expert review evidence disclosed was correct, relevant and verified by Plaintiffs. Plaintiffs call the expert report by Dr Battersby "unchecked" and "irrelevant" even though their representative Mr Herb Seitz was present during the examination.

Plaintiffs' argument is groundless.

B.     "The Record Confirms the Correctness of the Entered Asset Seizure and Injunctive Relief". ECF No. 266.

Here Plaintiffs claim that "none of Defendants' [Kravchuk and Inksystem LLC] late arguments now require any change to the Asset Freeze Order or bond" (ECF No. 266). Plaintiffs make this conclusion without providing any evidence or argument.   Despite the fact that the expert review is a new significant fact significantly impacting Plaintiffs' likelihood of prevailing on the merits, Plaintiffs allege the argument is "late" without any basis.

Plaintiffs' argument is groundless.

Plaintiffs did not counter the conclusions of the Expert Report on the merits. The only comments on the content of Expert Report from their side were:

(i)   "Defendants' [Kravchuk and Inksystem LLC] purported expert report merely states in the "Summary" that whatever cartridges that were examined were "similar," which does not preclude a finding that they were also counterfeit as counterfeits are by definition purposefully similar to their genuine counterparts" (ECF No. 266). At the same time, Plaintiffs ignored the other findings from expert report that support the expert's conclusion that the cartridges were genuine and not counterfeit or infringing: "features that show the Epson cartridge assessed on 9/18/17 at the law office of Davis Wright Tremaine to be identical to other Epson cartridges purchased at retail stores in the USA"; "the color and print quality of the ink in the cartridge is the same"; "the Epson printer recognized the cartridge as an

Epson cartridge"; "engravings and embossing is identical"; "no signs of the LA Epson cartridge having been refilled"; "there were no holes drilled into the cartridge"; "the cartridge does have a genuine Epson chip" and many others findings all justifying the expert's conclusion that the cartridges seized were genuine and not infringing or counterfeit. (See Exhibit 1 attached to ECF No. 256);

(ii)     Plaintiffs also state "the report noted that "some of the label" had been removed from one of the items, purportedly claimed by non-moving party AF LLC, consistent with the remanufacture process admitted by Defendants [Kravchuk and Inksystem LLC]." Defendants Kravchuk and Inksystem LLC believe that the label was removed by Amazon or Epson, not by someone from Defendants. This belief is supported by the fact that these cartridges were delivered to Amazon in an "as is" condition for resale.  It appears Amazon or Epson crudely attempted to see if the cartridges were genuine by trying to remove the original genuine label, but as stated by the expert, the label was a genuine Epson label.  It had not been removed and it had not been replaced by any other label.  Thus, even with the label partially removed by Amazon or Epson, this cartridge was found by the expert to be genuine.

///

///

**C. CONCLUSION.**

Respectively, Defendants Kravchuk and Inksystem LLC's Motion ECF No. 256 should be granted by the Court and the Preliminary Injunction should be vacated or alternatively the bond should be increased to $800,000.00.

DATED on November 28, 2017.

Defendants hereby sign this reply under penalty of perjury under the laws of the United States:


/s/ Andriy Kravchuk,                          /s/ Andriy Kravchuk,

Andriy Kravchuk,                              Managing member of Inksystem llc,

1000 Bible Way ste 40,                        Andriy Kravchuk,

Reno, NV, 89502,                              1000 Bible Way ste 40,

Phone (408)386-2221;                          Reno, NV, 89502,

Email: ualhimik@yahoo.com                     Phone (408)386-2221;

                                              Email: ualhimik@yahoo.com

**CERTIFICATE OF SERVICE**

1

2     We hereby certify that We are co Defendants and that on November 28, 2017, We served

3    a full, true and correct copy of the foregoing DEFENDANTS KRAVCHUK AND INKSYSTEM

4    LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS KRAVCHUK AND

5    INKSYSTEM LLC'S MOTION TO VACATE OR ALTERNATIVELY AMEND

6    PRELIMINARY INJUNCTION AND INCREASE THE BOND ECF No. 159 via the United

7    States District Court Clerk and via United States Postal Service upon the following:

8         1. J. Andrew Coomb, J. Andrew Coombs, A Prof. Corp. 520 East Wilson Ave., Suite 200

9    Glendale, California 91206, Telephone: (818) 5003200 andy@coombspc.com

10   annie@coombspc.com;

11        2. James D. Boyle Hannah S. Goodwin Holley Driggs Walch Fine Wray Puzey &

12   Thompson, 400 South Fourth Street, Third Floor Las Vegas, Nevada 89101, Telephone: (702)

13   7910308 jboyle@nevadafirm.com;

14        3. Annie S Wang, Wang Law Corporation, 520 East Wilson Ave., Suite 200 Glendale,

15   California 91206, Telephone: (818) 5003200, annie@wangalc.com.

16

*/s/ Andriy Kravchuk*
Andriy Kravchuk,
1000 Bible Way ste 40,
Reno, NV, 89502,
Phone (408)3862221;
Email: ualhimik@yahoo.com

*/s/ Andriy Kravchuk*
Managing member of Inksystem llc,
Andriy Kravchuk,
1000 Bible Way ste 40,
Reno, NV, 89502,
Phone (408)3862221;
Email: ualhimik@yahoo.com

32