**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SEIKO EPSON CORP. et al.,

        Plaintiffs,

vs.

INKSYSTEM LLC et al.,

        Defendants.

3:16-cv-00524-RCJ-VPC

**ORDER**

This case arises out of alleged counterfeiting and other unauthorized use of trademarks in relation to computer printer ink cartridges.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Seiko Epson Corp. ("Seiko") is a Japanese corporation that owns eight registered trademarks at issue in the present case, U.S. Trademark Nos. 1,134,004 ("EPSON"); 2,144,386 ("EPSON"); 2,949,374 ("EPSON"); 3,092,025 ("EPSON"); 3,520,274 ("EPSON"); 3,448,351 ("EPSON EXCEED YOUR VISION"); 3,875,333 ("Better Products for a Better Future"); and 2,644,235 ("DURABRITE") (collectively, "the Marks"). Plaintiff Epson America, Inc. is a California corporation and Seiko's sole licensee for ink cartridges using the Marks. Defendants are Nevada and California residents and business entities.

Plaintiffs allege that Defendants import, modify, repackage, advertise, distribute, and/or sell at least three types of infringing cartridge: (1) counterfeit ink cartridges manufactured abroad bearing one or more of the Marks; (2) genuine Epson cartridges sold abroad with printers that are not intended for resale; and (3) genuine Epson cartridges sold abroad that are expired or nearly expired. As to the latter two categories of cartridge, Defendants remove them from their original packaging, reprogram or otherwise modify them to work in American printers (they otherwise would not), and repackage them with counterfeit Epson labels. In the process, Defendants degrade the quality and lifespan of the ink, remove instructions for use with the cartridges and other important consumer information such as the expiration date, and add their own false advanced expiration dates. Defendants' activities infringe the Marks, deceive consumers, and damage Plaintiffs' goodwill.

Plaintiffs sued Defendants in this Court for trademark counterfeiting and infringement under 15 U.S.C. § 1114 *et seq.* and unfair competition and false advertising under § 1125 *et seq.* The Court granted a temporary restraining order ("TRO") and after a hearing granted a preliminary injunction, enjoining certain offending activity and ordering the seizure and impoundment of the accused goods. Discovery has been problematic. Plaintiffs asked the Magistrate Judge to issue a report and recommendation for terminating sanctions against certain Defendants for their continued intransigence. InkSystem, LLC and Lucky Print, LLC (collectively, "Debtors") filed for Chapter 11 bankruptcy protection. Plaintiffs asked for another TRO seizing Defendants' assets (minus the assets of Debtors). The Court granted the motion and later granted a preliminary injunction when Defendants failed to appear at the hearing. In the meantime, the Magistrate Judge recommended that the sanction of default be entered against Defendants Art LLC, AF LLC, Inkredible LLC, Andriy Kravchuk, Artem Koshkalda, Igor Bielov, and Vitalii Maliuk. The Court adopted that recommendation. The Clerk had previously

entered the defaults of Defendants Veles LLC, Alado LLC, Karine LLC, Karine Vardanian, Vladimir Slobodianiuk, Kristina Antonova, and Roman Taryanik for failure to answer or defend. The Clerk has since entered the defaults of InkSystem LLC, KBF LLC, and Lucky Print LLC.

The Court has denied several motions to reconsider the preliminary injunction and to release funds. When they failed to appear to show cause why they should be held in contempt for violations of the preliminary injunction, the Court issued an order of contempt as to Defendants Artem Koshkalda and Vladimair Westbrook. Bench warrants for their arrest have been issued.

Several motions are pending before the Court. Several defendants[1] have asked the Court to lift the preliminary injunction or to increase the bond. (ECF Nos. 231, 256, 257). Koshkalda has asked the Court to issue an order directing his bank to comply with the preliminary injunction and permit him to withdraw $3,000 per month, as permitted by the preliminary injunction. (ECF No. 236). Maliuk, on behalf of Inkredible LLC, has asked the Court permit Inkredible LLC to withdraw $3,000 per month. (ECF No. 259). Plaintiff has moved for default judgment against Defendants.

## II. DISCUSSION

Inkredible, LLC's motion (for a "writ of execution") asking the Court permit Inkredible LLC to withdraw $3,000 per month is stricken. Inkredible, LLC may only appear through licensed counsel, not through a corporate officer. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–03 (1993). Even if the motion had been made through counsel, the preliminary injunction permitted $3,000 monthly withdrawals only from the personal bank accounts of individual Defendants, not from the accounts of business entity Defendants.

---

[1] All Defendants have defaulted except Vitalii Galukh, who has been voluntarily dismissed.

3

The Court has always been amenable to amending or supplementing the preliminary injunction to make clear that withdrawals of $3,000 per month from personal accounts of individual Defendants is permitted, an argument again made by Koshkalda in another motion, but Koshkalda failed to appear to argue his previous motion to this effect (and to show cause why he should not be held in contempt for violating the preliminary injunction) when given the chance. The Court therefore denies his current motion, as well.

The motions to dissolve the preliminary injunction or increase the bond are stricken as to AF LLC, Inkredible LLC, Inksystem LLC, Lucky Print LLC, and ART LLC. *See id.* at 201–03. As to Koshkalda, Kravchuk, Bielov, and Maliuk, the motions are denied. On November 16, 2017, the Court of Appeals denied Defendants' petition for a writ of mandamus challenging the preliminary injunction. The Court has seen nothing indicating that dissolution of the preliminary injunction is appropriate. Nor will the Court entertain arguments to reconsider a preliminary injunction from parties who failed to appear to argue against default judgment being entered against them on the claim for a permanent injunction.

The final motion is Plaintiff's motion for default judgment. Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). It appears that all Defendants here have had their defaults entered either for failure to defend or as a sanction. Second, the party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 558 (D. Nev. 2002)

(McQuaid, M.J.) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)).

A court considers seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* (citing *Eitel*, 782 F.2d at 1471–72).

Factor one favors a default judgment. Although the preliminary injunction currently protects Plaintiffs' interests, a judgment will provide finality to the proceedings, permitting Plaintiffs to conclude litigation of a case against Defendants who do not wish to participate and forcing Defendants to appeal or forfeit the cause. Defendants' consistent intransigence in discovery and contempt of the Court's orders makes it extremely unlikely the case can be fairly and expeditiously resolved via summary judgment or trial. Factors two, three, and five, which go to the merits, strongly favor a default judgment, as noted throughout the proceedings and in Plaintiffs' motion. As to the fourth factor, the sum of money at stake is large. Plaintiffs do not state a sum certain in the Complaint but seek treble damages and claim in the present motion that they seek $12 million in statutory damages alone. Defendants do not appear to be judgment proof but in fact stand to lose potentially millions of dollars of real estate to satisfy the judgment. Because they have not participated in discovery, however, the value of their assets (and even the identity and/or location of their assets) remains somewhat uncertain. Such a large amount at stake generally counsels against a default judgment. As to the sixth factor, the default was not a matter of excusable neglect. The only Defendants opposing the present motion for default judgment were defaulted upon the recommendation of the Magistrate Judge as a sanction for repeated violations of both the discovery rules and her orders. No Defendant has appeared to argue excusable neglect. Finally, the seventh factor always weighs against a default judgment.

The Court grants the motion for a default judgment. Although the preference for resolving cases on the merits and the large amount of money at stake here counsel against a default judgment generally, Defendants' failure to participate in discovery and their violations of orders to appear and injunctions against disposing of assets (for which some Defendants have been held in contempt) combined with the strong (largely unopposed) case on the merits convinces the Court that a default judgment is appropriate in this case. The entry of judgment also serves the interest of finality for all parties. Plaintiffs may cease litigation in this Court, and Defendants may immediately appeal the final judgment.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Writ of Execution (ECF No. 259) is STRICKEN.

IT IS FURTHER ORDERED that the Motion for Release of Funds (ECF No. 236) is DENIED.

IT IS FURTHER ORDERED that the Motions to Dissolve the Preliminary Injunction or Increase the Bond (ECF Nos. 231, 256, 257) are STRICKEN as to AF LLC, Inkredible LLC, Inksystem LLC, Lucky Print LLC, and ART LLC and DENIED as to Koshkalda, Kravchuk, Bielov, and Maliuk (as applicable).

IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 262) is GRANTED.

IT IS SO ORDERED.

Dated January 16, 2018.

_____
ROBERT C. JONES
United States District Judge