Annie S. Wang
Nevada Bar No. 10792/CA SBN 243027
J. Andrew Coombs, Of Counsel
CA SBN 123881 (Admitted *Pro Hac Vice*)
Wang Law Corporation
520 East Wilson Ave., Suite 200
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201
*andy@wangalc.com*
*annie@wangalc.com*

James D. Boyle
Nevada Bar No. 08384
Holley Driggs Walch Fine Wray Puzey & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308
Facsimile: (702) 791-1912
*jboyle@nevadafirm.com*

Attorneys for Plaintiffs Seiko Epson Corporation
and Epson America, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> InkSystem LLC, et al., <br><br> Defendants. | Case No. 3:16-cv-00524-RCJ-VPC <br><br> **JUDGMENT PURSUANT TO ENTRY OF DEFAULT** |

This cause having come before this Court on the motion of Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") for entry of default judgment and permanent injunction ("Motion") against Defendants Inksystem LLC, Lucky Print, LLC, AF LLC, ART LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, Artem Koshkalda, Vitalii Maliuk, Veles LLC, Alado LLC, Karine LLC, KBF, LLC, Karine Vardanian a/k/a Karine Christ a/k/a Karine Crist a/k/a Karine Westbrook, Vladimir Slobodianiuk a/k/a Volodymyr Slobodianiuk a/k/a Vladimir Westbrook,

Kristina Antonova a/k/a Krystyna Antonova a/k/a Kristy Antonova a/k/a Krystyna Antanova a/k/a Krystyna Taryanik, and Roman Taryanik (collectively, "Defendants"), and Sancase LLC, Vilacet LLC, Renoca LLC, Best Deal Cartridge, LLC, Privat Group LLC, Yava LLC and Danalop LLC (collectively, "Koshkalda's Companies");

AND, the Court having read and considered the pleadings, declarations and exhibits on file in this matter and having reviewed such evidence as was presented in support of Plaintiffs' Motion;

AND, GOOD CAUSE APPEARING THEREFOR, the Court finds the following facts:

Plaintiffs are the owners of all rights in and to trademark registrations, including, but not limited to, the trademarks which are the subject of the registrations listed in Exhibit A (collectively the "Plaintiffs' Trademarks"), attached hereto.

Plaintiffs have complied in all respects with the laws governing trademarks and secured the exclusive rights and privileges in and to the Plaintiffs' Trademarks.

The appearance and other qualities of the Plaintiffs' Trademarks are distinctive and original.

Defendants are using Plaintiffs' Trademarks or marks confusingly similar to Plaintiffs' Trademarks, in connection with the importation, manufacture, distribution, sale and offer for sale of counterfeit and/or infringing ink cartridges bearing unauthorized reproductions or substantially similar copies of registered trademarks owned by Plaintiffs ("Unauthorized Product").

Defendants' advertising, displaying, promoting, marketing, distributing, offering for sale and selling of the Unauthorized Product was engaged in willfully and intentionally, without leave or license from Plaintiffs, in violation of Plaintiffs' rights in and to Plaintiffs' Trademarks.

The liability of the Defendants in the above-referenced action for their acts in violation of Plaintiffs' rights is knowing and willful, and as such the Court expressly

finds that there is no just reason for delay in entering the default judgment and permanent injunction sought herein.

The Court has previously found that Plaintiffs have shown that proceeds from Defendants' infringement were deposited into a large number of bank accounts and also used to purchase valuable real estate, among other things. Dkt. 159.

The Court has also found that Plaintiffs have shown that Defendants have and are likely to further liquidate and dissipate assets, that they have a history of transferring money to family members and using shell companies to hide assets or the source of money. Dkt. 159.

The Court, as a result of Defendants' dissipation, secreting, and hiding of assets and other bad faith acts, granted an Order for Asset Seizure and Impoundment against Defendants AF LLC, ART LLC, Inkredible LLC LLC, Andriy Kravchuk, Igor Bielov, Artem Koshkalda and Vitalii Maliuk on August 22, 2017 ("Asset Freeze Order"), enjoining them and any person, corporation or other entity acting in concert with them, from further transfer or other concealment of assets. Dkt. 159. After Defendant Koshkalda, with the assistance of co-Defendant Vladimir Westbrook, continued to act in violation of the Court's Asset Freeze Order, individually, and through various shell companies, including but not limited to Sancase LLC, Vilacet LLC and Renoca LLC, the Court set a hearing requiring the personal appearance of both Koshkalda and Westbrook regarding their alleged contempt, but they failed to appear in violation of the Court's Order and were found in contempt of Court. Dkt. 250 ("Contempt Order"). As a result of Koshkalda's continued and undisputed violation of Court Orders, including of the Asset Freeze Order, an Amended Asset Freeze Order was issued as against Koshkalda and his companies as a direct result of his latest contempt.

Therefore, based upon the foregoing facts, and GOOD CAUSE APPEARING THEREFOR, THE COURT ORDERS that this Judgment shall be and is hereby entered in the within action as follows:

SEC, et al. v. Inksystem, LLC, et al.: [Proposed] Order  - 3 -

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1051, *et seq.*, 28 U.S.C. §§ 1331 and 1338. Service of process was properly made on the Defendants.

2) Defendants are using Plaintiffs' Trademarks or marks confusingly similar to Plaintiffs' Trademarks, in connection with the importation, manufacture, distribution, sale and offer for sale of Unauthorized Product which infringes upon the Plaintiffs' Trademarks.

3) The Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the injunction are hereby restrained and enjoined from:

    a) Infringing the Plaintiffs' Trademarks, either directly or contributorily, in any manner, including generally, but not limited to, manufacturing, reproducing, importing, advertising, selling and/or offering for sale any unauthorized product which features any of the Plaintiffs' Trademarks, and, specifically:

        i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Product or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiffs' Trademarks;

        ii) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to the Plaintiffs' Trademarks;

        iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the counterfeit products and related merchandise manufactured, sold and/or

offered for sale by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs, or are affiliated with Plaintiffs;

   iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs.

4) Defendants, jointly and severally, shall pay damages to Plaintiffs in the sum of Twelve Million Dollars ($12,000,000.00).

5) The following Defendants shall also pay all sanctions issued against them in these proceedings, as follows: Dkts. 88 (Kravchuk: $16,146.50), 137 (Bielov/AF LLC, jointly and severally: $6,173.65, Maliuk/Inkredible LLC LLC, jointly and severally: $8,898.45), and any sanctions entered pursuant to Dkt. 175. The obligations under this Paragraph 5 are separate and distinct from the obligations under Paragraph 4 above, and satisfaction of one shall not constitute satisfaction of the other.

6) All amounts described in Paragraphs 4 and 5 of this Judgment shall bear interest pursuant to 28 U.S.C. § 1961(a).

7) The items seized and currently stored pursuant to the Temporary Restraining Order and Order for Seizure and Impoundment entered on September 13, 2017 [Dkt. 9], and the Preliminary Injunction entered on October 21, 2017 [Dkt. 33], are transferred and released to Plaintiffs immediately for destruction or other disposition. Defendants are entitled to no credit against the amounts due under this Judgment for such items.

8) Title and ownership in the $314,657.47 and any other cash assets frozen by the Temporary Restraining Order; Order For Asset Seizure And Impoundment; Order To Show Cause Re Issuance Of Pre-Judgment Asset Freeze entered on July 31, 2017 [Dkt. 105-106], the Order for Asset Seizure and Impoundment entered on August 22,

2017 [Dkt. 109], the Order re Contempt as to Artem Koshkalda and Vladimir Westbrook entered on October 27, 2017 [Dkt. 250], and the Amended Order for Asset Seizure and Impoundment entered on October 27, 2017 [Dkt. 251], including but not limited to those assets identified in the attached Exhibit B to this Judgment, are Ordered to be immediately assigned or otherwise transferred to Plaintiffs or accounts identified by Plaintiffs, the value of such assets to be deducted against amounts owed pursuant to this Order.

9) Plaintiffs may enforce this Judgment against Defendants' and/or Koshkalda's Companies' real estate assets, including but not limited to those identified in the attached Exhibit C.

10) Effective immediately and until the Judgment is satisfied in full, Defendants, any person acting in concert with them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, or any third-party service provider who is served with a copy of this Order or has knowledge of this Order by personal service or otherwise, are enjoined and restrained from:

    a) Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, or other assets, wherever located, including outside the United States, including but in no way limited to those accounts and assets identified in Exhibits B and C, that include, consist of in any amount, were derived from, or were purchased with any profits, proceeds or monies received from the sale of any unauthorized Epson branded ink cartridge, and are:

        i) owned or controlled by, or in the actual or constructive possession of any Defendant; or

        ii) owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part; or

iii) owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants (including but not limited to Koshkalda's Companies), including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind.

b) Opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant, that will receive any profits, proceeds or monies received from the sale of any unauthorized Epson branded ink cartridge;

c) Obtaining a personal or secured loan encumbering the asset of any Defendant, or subject to access by any Defendant, where the asset consists of in any amount, was derived from, or was purchased with any profits, proceeds or monies received from the sale of any unauthorized Epson branded ink cartridge;

d) Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, where the asset consists of in any amount, was derived from, or was purchased with any profits, proceeds or monies received from the sale of any unauthorized Epson branded ink cartridge; or

e) Incurring charges or cash advances on any credit card or prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, where the asset consists of in any amount, was

derived from, or was purchased with any profits, proceeds or monies received from the sale of any unauthorized Epson branded ink cartridge.

11) The bond filed on September 15, 2017, as Dkt. 11 is hereby exonerated.

12) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court and entry by the Clerk of the Court.

13) The Court finds there is no just reason for delay in entering this Judgment and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Judgment against Defendants.

14) The Asset Freeze Order [Dkt. 159], the Contempt Order [Dkt. 250], and the Amended Asset Freeze Order [Dkt. 251], shall remain in full force and effect through any period of stay or applicable non-enforcement period of this Judgment.

15) The following terms of the Asset Freeze Order [Dkt. 159], the Contempt Order [Dkt. 250], and the Amended Asset Freeze Order [Dkt. 251], shall be incorporated into this Judgment and will survive the entry of this Judgment:

    a) Plaintiffs are given leave to immediately attach and execute upon any assets owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Defendant Koshkalda or one of his companies (including but not limited to Sancase LLC, Vilacet LLC, and Renoca LLC) including but not limited to those assets identified in Exhibit A and B. Plaintiffs have leave to submit proposed writs or other orders as may be necessary to attach and/or execute upon any assets pursuant to this Judgment;

    b) Koshkalda and those acting in concert with him who are subject to the jurisdiction of this Court, including but not limited to Andriy Kravchuk and Vladimir Westbrook, are ordered to appear for examination under oath before Magistrate Judge Cooke, or another special master as the Court sees fit, at a date and time to be set by Magistrate Judge Cooke or special master within 28 days of

the entry of this Order, to account for all of Koshkalda's assets and recent transactions, including the identification and whereabouts of all of the proceeds from real estate transactions during the pendency of this action;

c) Koshkalda and those acting in concert with him who are subject to the jurisdiction of this Court, including but not limited to Andriy Kravchuk and Vladimir Westbrook, are further ordered to produce, within ten days following this order, all documents for all of Koshkalda's assets and recent transactions, including all documents the identification and whereabouts of all of the proceeds from real estate transactions during the pendency of this action;

d) Plaintiffs are given leave to undertake discovery, including Debtor's examinations and third-party discovery, regarding the assets and obligations of Defendants and those acting in concert with them;

e) Koshkalda, ART LLC, and Westbrook shall deposit into a frozen account all proceeds from any real estate transaction completed since August 1, 2017; and

f) Defendants' bank accounts are impounded, as provided in Paragraph 14 of the Amended Seizure Order.

16) The Court shall retain jurisdiction of this action, specifically including any Contempt and Sanctions Orders entered, to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and any orders of this Court.

IT IS SO ORDERED.

DEBRA K. KEMPI
CLERK

(By) DEPUTY CLERK

January 16, 2018
DATE

# EXHIBIT A

## SEC'S TRADEMARKS

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
| EPSON EXCEED YOUR VISION | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
| Better Products for a Better Future | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |

**EXHIBIT B**

| Financial Institution | Account | Account Name/Holder | Balance |
|---|---|---|---:|
| Bank of America, N.A. | 1744 | ARTEM KOSHKALDA | $ 1.00 |
| Bank of America, N.A. | 6624 | ART LLC | $ 90.10 |
| Bank of America, N.A. | 7115 | ART LLC | $ 38,324.05 |
| Bank of America, N.A. | 7255 | ARTEM KOSHKALDA | $ 118.13 |
| Bank of America, N.A. | 3491 | ART LLC | $ 449.00 |
| Bank of America, N.A. | 6702 | Inkredible LLC | $ 286.46 |
| Bank of America, N.A. | 6715 | Inkredible LLC | $ 64.83 |
| Bank of America, N.A. | 9178 | AF LLC | $ 1.05 |
| Bank of America, N.A. | 9275 | AF LLC | $ 5.09 |
| Bank of America, N.A. | 2263 | Inkredible LLC | $ 1,322.16 |
| Bank of America, N.A. | 0310 | Inkredible LLC | $ 1,519.10 |
| Bank of America, N.A. | 0394 | Inkredible LLC | $ 580.96 |
| Bank of America, N.A. | 8964 | ART LLC | $ 96.00 |
| Bank of America, N.A. | 8977 | ART LLC | $ 96.00 |
| Bank of America, N.A. | 8980 | ART LLC | $ 6,006.00 |
| Bank of America, N.A. | 8533 | ART LLC | $ 118.00 |
| Bank of America, N.A. | 8591 | ART LLC | $ 96.69 |
| Bank of America, N.A. | 8760 | Renoca LLC | $ 80.79 |
| Bank of America, N.A. | 9099 | Privat Group LLC | $ 254,406.77 |
| Bank of America, N.A. | 0519 | Artem Koshkalda | $ 4,249.11 |
| Bank of America, N.A. | 0087 | Artem Koshkalda | $ 121.65 |
| Bank of America, N.A. | 0090 | Artem Koshkalda | $ 113.00 |
| Bank of America, N.A. | 0100 | Artem Koshkalda | $ 395.82 |
| Bank of America, N.A. | 0155 | Artem Koshkalda | $ 113.00 |
| Citibank Fsb | 8374 | Art LLC | $ 23.44 |
| Citibank Fsb | 8390 | Art LLC | $ 47.57 |
| Citibank Fsb | 8382 | Art LLC | $ 19.57 |
| U.S. Bank, N.A. | 5442 | Inkredible LLC LLC | $ 1,557.72 |
| U.S. Bank, N.A. | 5459 | Inkredible LLC LLC | $ 138.75 |
| U.S. Bank, N.A. | 5467 | Inkredible LLC LLC | $ 1,705.27 |
| U.S. Bank, N.A. | 2778 | Igor Bielov dba AF LLC | $ 5.50 |
| U.S. Bank, N.A. | 2869 | Igor Bielov dba AF LLC | $ 14.42 |
| U.S. Bank, N.A. | 2992 | Igor Bielov dba AF LLC | $ 31.46 |
| Wells Fargo Bank, N.A. | 0399 | Artem Koshkalda | $ 50.00 |
| Wells Fargo Bank, N.A. | 4158 | Artem Koshkalda dba ART | $ 71.63 |
| Wells Fargo Bank, N.A. | 7982 | Artem Koshkalda dba ART | $ 2,211.38 |

| Wells Fargo Bank, N.A. | 7966 | Artem Koshkalda dba ART | $ | 78.00 |
| Wells Fargo Bank, N.A. | 8446 | Artem Koshkalda | $ | 20.00 |
| Wells Fargo Bank, N.A. | 2935 | Artem Koshkalda dba ART | $ | 20.00 |
| Wells Fargo Bank, N.A. | 7974 | Artem Koshkalda dba ART | $ | 8.00 |

# **EXHIBIT C**

| | Owner | Address | APN | Recent History |
|---|---|---|---|---|
| 1 | Artem Koshkalda | 38868 Thimbleberry Place Newark, CA 94560 | 92A260018 | Reportedly Listed for Sale on **8/13/17** |
| 2 | Artem Koshkalda | 401 Harrison St., #4D San Francisco, CA 94105 | 3765417 | Transferred to Vilacet LLC/ Reportedly Listed for Sale on **8/13/17** |
| 3 | Artem Koshkalda | 388 Fulton St., #207 San Francisco, CA 94102 | 0785072 | Transferred to Vilacet LLC/ Reportedly Listed for Sale on **8/14/17** |
| 4 | Artem Koshkalda | 11 Franklin St., # 502 San Francisco, CA 94102 | 0837117 | Transferred to Sancase LLC/ Reportedly Listed for Sale on **8/13/17** |
| 5 | Artem Koshkalda | 338 Portrero Ave., #402 San Francisco, CA 94103 | 3962032 | Transferred to Sancase LLC/ Reportedly Listed for Sale on **8/14/17** |
| 6 | Artem Koshkalda | 253 Friedell St. San Francisco, CA 94124 | 4591C-462 | Transferred to Renoca LLC/ Reportedly not for sale |
| 7 | Artem Koshkalda | 401 Harrison St., #4A San Francisco, CA 94105 | 3765414 | Transferred to Vilacet LLC/ Reportedly not for sale |
| 8 | Artem Koshkalda | 11 Franklin St., San Francisco, CA 94102 *(identified by Defendant as Unit #205)* | 0837003 | Reportedly not for sale |
| 9 | Artem Koshkalda & Andriy Kravchuk | One Mission Bay Property (address unknown) | | |
| 10 | Artem Koshkalda | Tanglewood by Summerhill Homes Property (address unknown) | | |
| 11 | Artem Koshkalda | Saverio/Pulte Homes Property (address unknown) | | |
| 12 | Any other real estate properties acquired by Defendants after August 1, 2017. | | | |

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of Nevada. My business address is 520 East Wilson Avenue, Suite 200, Glendale, California 91206.

On November 14, 2017, I served on the interested parties in this action with:

**PLAINTIFFS' NOTICE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**DECLARATIONS AND EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**[PROPOSED] JUDGMENT PURSUANT TO ENTRY OF DEFAULT**

in support for the following civil action:

<u>Seiko Epson Corporation, et al. v. InkSystem LLC, et al.</u>

_x_ via the United States District Court CM/ECF system;

_x_ by email to artemkoshkalda@gmail.com for Defendants Artem Koshkalda and ART LLC per Defendant Koshkalda's request;

| | |
|---|---|
| Artem Koshkalda<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502<br>[via email to artemkoshkalda@gmail.com per Defendant's request and via ECF] | Art LLC<br>1280 Terminal Way, Ste. 28<br>Reno, NV 89502<br>[via email to artemkoshkalda@gmail.com per Defendant's request] |

_x_ by placing a true copy thereof in an envelope to be immediately sealed thereafter to the below Defendants. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| InkSystem LLC<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 | Lucky Print LLC<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 |
| Vitalii Maliuk<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 | Inkredible LLC LLC<br>675 Fairview Dr., Ste. 233<br>Carson City, NV 89701 |

| | |
|---|---|
| Andriy Kravchuk<br>1000 Bible Way, Apt. 40<br>Reno, NV 89502 | Igor V. Bielov<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 |
| AF LLC<br>390 Freeport Blvd., Ste. 6<br>Sparks, NV 89431 | KBF LLC<br><br>Campbell, CA 95008 |
| Vladimir Slobodianiuk a/k/a Volodymyr Slobodianiuk a/k/a Vladimir Westbrook<br><br>Campbell, CA 95008 | KBF LLC<br>c/o Volodymyr Slobodianiuk<br>2787 Moorpark Ave.<br>San Jose, CA 95128 |
| Karine Vardanian a/k/a Karine Christ a/k/a Karine Crist a/k/a Karine Westbrook<br><br>Campbell, CA 95008 | Alado LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 |
| Veles LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Kristina Antonova a/k/a Krystyna Antonova a/k/a Kristy Antonova a/k/a Krystyna Antanova a/k/a Krystyna Taryanik<br><br>San Jose, CA 95117 |
| Karine LLC<br>1280 Terminal Way #28<br>Reno, NV 89502 | Roman Taryanik<br><br>San Jose, CA 95117 |
| KBF LLC<br>c/o Nevada Secretary of State<br>202 N. Carson St.<br>Carson City, NV 89701 | |

Place of Mailing: Glendale, California
Executed on November 14, 2017 at Glendale, California

_____
Katrina Bartolome