# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SEIKO EPSON CORP. et al.,

    Plaintiffs,

vs.

INKSYSTEM LLC et al.,

    Defendants.

3:16-cv-00524-RCJ-VPC

**ORDER**

This case arises out of alleged counterfeiting and other unauthorized use of trademarks in relation to computer printer ink cartridges. Plaintiff Seiko Epson Corp. ("Seiko") is a Japanese corporation that owns eight registered trademarks at issue in the present case, U.S. Trademark Nos. 1,134,004 ("EPSON"); 2,144,386 ("EPSON"); 2,949,374 ("EPSON"); 3,092,025 ("EPSON"); 3,520,274 ("EPSON"); 3,448,351 ("EPSON EXCEED YOUR VISION"); 3,875,333 ("Better Products for a Better Future"); and 2,644,235 ("DURABRITE") (collectively, "the Marks"). Plaintiff Epson America, Inc. is a California corporation and Seiko's sole licensee for ink cartridges using the Marks. Defendants are Nevada and California residents and business entities.

Plaintiffs allege that Defendants import, modify, repackage, advertise, distribute, and/or sell at least three types of infringing cartridge: (1) counterfeit ink cartridges manufactured abroad

bearing one or more of the Marks; (2) genuine Epson cartridges sold abroad with printers that are not intended for resale; and (3) genuine Epson cartridges sold abroad that are expired or nearly expired. As to the latter two categories of cartridge, Defendants remove them from their original packaging, reprogram or otherwise modify them to work in American printers (they otherwise would not), and repackage them with counterfeit Epson labels. In the process, Defendants degrade the quality and lifespan of the ink, remove instructions for use with the cartridges and other important consumer information such as the expiration date, and add their own false advanced expiration dates. Defendants' activities infringe the Marks, deceive consumers, and damage Plaintiffs' goodwill.

Plaintiffs sued Defendants in this Court for trademark counterfeiting and infringement under 15 U.S.C. § 1114 *et seq.* and unfair competition and false advertising under § 1125 *et seq.* The Court granted a temporary restraining order ("TRO") and after a hearing granted a preliminary injunction, enjoining certain offending activity and ordering the seizure and impoundment of the accused goods. Discovery has been problematic. Plaintiffs asked the Magistrate Judge to issue a report and recommendation for terminating sanctions against certain Defendants for their continued intransigence. InkSystem, LLC and Lucky Print, LLC (collectively, "Debtors") filed for Chapter 11 bankruptcy protection. Plaintiffs asked for another TRO seizing Defendants' assets (minus the assets of Debtors). The Court granted the motion and later granted a preliminary injunction when Defendants failed to appear at the hearing. In the meantime, the Magistrate Judge recommended that the sanction of default be entered against Defendants Art LLC, AF LLC, Inkredible LLC, Andriy Kravchuk, Artem Koshkalda, Igor Bielov, and Vitalii Maliuk. The Court adopted that recommendation. The Clerk had previously entered the defaults of Defendants Veles LLC, Alado LLC, Karine LLC, Karine Vardanian,

Vladimir Slobodianiuk, Kristina Antonova, and Roman Taryanik for failure to answer or defend. The Clerk has since entered the defaults of InkSystem LLC, KBF LLC, and Lucky Print LLC.

The Court has denied several motions to reconsider the preliminary injunction and to release funds. When they failed to appear to show cause why they should be held in contempt for violations of the preliminary injunction, the Court issued an order of contempt as to Defendants Artem Koshkalda and Vladimair Westbrook. Bench warrants for their arrest issued. Koshkalda appeared at a later hearing, and the Court ordered him to undergo a judgment debtor exam. The Court has entered default judgment against Defendants. The Court also granted a motion for a receiver for Koshkalda's assets, but he petitioned for bankruptcy protection (Case No. 18-bk-30016 in the Northern District of California) before the proposed written receivership order and a proposed amendment thereto were approved. In that bankruptcy action, there are pending motions to dismiss the bankruptcy case and to lift the automatic stay, with a hearing for the latter motion scheduled for March 8.

The Court will defer ruling on the receivership motions pending resolution of the lift-stay and/or dismissal motions in Koshkalda's bankruptcy action. Several older motions are also pending in the docket of the present case. First, the motions for orders of contempt against Koshkalda and Westbrook have been determined. (*See* Order of Contempt, ECF No. 250). Those motions will be administratively terminated. Second, a September 29, 2017 motion for a hearing on then-pending motions is moot. Third, Koshkalda's and ART LLC's motion for return of certain seized items and to obtain an inventory, as well as Kravchuk's and Inksystem LLC's similar motion, are denied. Plaintiffs have provided an inventory of the seized items, (*see* Wang Decls., ECF Nos. 17, 34), and return of the items is not appropriate, as the seizure of those items was in accordance with the Court's orders.

///

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk shall administratively TERMINATE the Motions for Orders of Contempt (ECF Nos. 155, 218).

IT IS FURTHER ORDERED that the Motion for Hearing (ECF No. 219) is DENIED as moot.

IT IS FURTHER ORDERED that the Motions to Obtain an Inventory (ECF No. 177, 271) are DENIED.

IT IS FURTHER ORDERED that rulings on the Motion to Appoint Receiver (ECF No. 274) and the Stipulation Between Plaintiffs and Lender re Receivership (ECF No. 298) are DEFERRED.

IT IS FURTHER ORDERED that the parties shall immediately inform the Court upon the determination of the motion to dismiss, the motion to lift the automatic stay, or any other relevant rulings in Bankruptcy Case No. 18-30016 in the Northern District of California.

IT IS SO ORDERED.

Dated this MARCH 27, 2018.

_____
ROBERT C. JONES
United States District Judge