1
2
3
4
5

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

6
7
8

SEIKO EPSON CORP. et al.,

        Plaintiffs,

9
10

    vs.

3:16-cv-00524-RCJ-VPC

**ORDER**

11

INKSYSTEM LLC et al.,

12

        Defendants.

13

14        This case arises out of alleged counterfeiting and other unauthorized use of trademarks in

15 relation to computer printer ink cartridges. Plaintiff Seiko Epson Corp. ("Seiko") is a Japanese

16 corporation that owns eight registered trademarks ("the Marks") at issue in the present case.

17 Plaintiff Epson America, Inc. is a California corporation and Seiko's sole licensee for ink

18 cartridges using the Marks. Defendants are Nevada and California residents and business

19 entities. Plaintiffs alleged that Defendants imported, modified, repackaged, advertised,

20 distributed, and/or sold at least three types of infringing cartridge: (1) counterfeit ink cartridges

21 manufactured abroad bearing one or more of the Marks; (2) genuine Epson cartridges sold

22 abroad with printers that are not intended for resale; and (3) genuine Epson cartridges sold

23 abroad that are expired or nearly expired. As to the latter two categories, Defendants removed

24 them from their original packaging, reprogrammed or otherwise modified them to work in

1

American printers (they otherwise would not), and repackaged them with counterfeit Epson labels.  In the process, Defendants degraded the quality and lifespan of the ink, removed instructions for use with the cartridges and other important consumer information such as the expiration date, and added their own false advanced expiration dates.  Defendants' activities infringed the Marks, deceived consumers, and damaged Plaintiffs' goodwill.

Plaintiffs sued Defendants in this Court for trademark counterfeiting and infringement under 15 U.S.C. § 1114 *et seq.* and unfair competition and false advertising under § 1125 *et seq.* The Court granted a temporary restraining order ("TRO"), and after a hearing granted a preliminary injunction, enjoining certain offending activity and ordering the seizure and impoundment of the accused goods.  Discovery was problematic.  Plaintiffs asked the Magistrate Judge to issue a report and recommendation for terminating sanctions against certain Defendants for their continued intransigence.  Several Defendant filed for bankruptcy protection.  Plaintiffs asked for another TRO seizing Defendants' assets.  The Court granted the motion and later granted a preliminary injunction when Defendants failed to appear at the hearing.  In the meantime, the Magistrate Judge recommended that the sanction of default be entered against Defendants Art LLC, AF LLC, Inkredible LLC, Andriy Kravchuk, Artem Koshkalda, Igor Bielov, and Vitalii Maliuk.  The Court adopted that recommendation.  The Clerk had previously entered the defaults of Defendants Veles LLC, Alado LLC, Karine LLC, Karine Vardanian, Vladimir Slobodianiuk, Kristina Antonova, and Roman Taryanik for failure to answer or defend.  The Clerk later entered the defaults of InkSystem LLC, KBF LLC, and Lucky Print LLC.

The Court denied several motions to reconsider the preliminary injunction and to release funds.  When they failed to appear to show cause why they should be held in contempt for violations of the preliminary injunction, the Court issued an order of contempt as to Defendants Artem Koshkalda and Vladimair Westbrook.  Bench warrants for their arrest issued.  Koshkalda

appeared at a later hearing, and the Court ordered him to undergo a judgment debtor exam. The Court later entered default judgment against Defendants and indicated an intent to grant a motion for a receiver for Koshkalda's assets, but he petitioned for bankruptcy protection in the Northern District of California before the proposed written receivership order and a proposed amendment thereto were approved.

The Court deferred ruling on the receivership motions and later denied them without prejudice to refiling when it appeared the bankruptcy case had been converted to Chapter 7. The parties recently submitted a joint status report indicating that three motions are pending in the present case: (1) two motions by Plaintiffs relating to registration and enforcement of the Judgment; and (2) a motion by ART, LLC and Koshkalda for a limited stay of the Judgment as to destruction of certain seized items pending appeal. The parties do not appear to dispute that the bankruptcy court has lifted the stay as to prosecution, defense, and enforcement of the Judgment in the present case, and the motions for registration and enforcement of the Judgment in other districts are not opposed. The Court therefore grants those motions. The motion for a limited stay of the Judgment is contested. Despite the title of the motion, Defendants disavow any challenge to this Court's own orders. Rather, they argue that they wish to preserve the seized items pending the litigation of a wrongful seizure action against Plaintiffs in the Central District of California. Plaintiffs note, however, that the Chapter 7 Trustee immediately dismissed the wrongful seizure action with prejudice upon learning of its filing. That putative claim therefore provides no basis for a stay.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Register and Enforce Judgment (ECF Nos. 332, 337) are GRANTED. Plaintiffs may register and enforce the Judgment (ECF No. 304) against all Defendants in the Northern District of California and against AF, LLC in the Central District of California and the Eastern District of California.

IT IS FURTHER ORDERED that the Motion for Limited Stay Pending Appeal (ECF No. 352) is DENIED.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge